J. W. WARREN and Lillian Warren, Plaintiffs, v. M. RESAAKE, Alley Ohmer and Sied Abdellah, Defendants.

SOLOMON HODGE, Assignee of Judgment, Appellant, v. SIED ABDELLAH, Respondent.

(208 N. W. 564.)

**Judgment — application to be relieved from default judgment must be supported by affidavits of merits.**

1. An application, under § 7483, Comp. Laws 1913, to be relieved from a default judgment on the ground of mistake, inadvertence, surprise or excusable neglect made by a defendant who at no time appeared or answered in the action, and against whom judgment was taken by default for want of appearance or answer, must be supported by an affidavit of merits.

**Judgment — on application by defendant to be relieved from default judgment court may in its discretion require moving party to resort to remedy by action.**

2. Where an application is made by a defendant under § 7483, Comp. Laws 1913, to be relieved from a default judgment on the ground of mistake, inadvertence, surprise or excusable neglect, the court may, in the exercise of sound discretion, require the moving party to resort to his remedy by action. Campbell v. Coulston, 19 N. D. 645, followed.

Opinion filed March 26, 1926, Rehearing denied April 24, 1926.

Judgments, 34 C. J. § 541 p. 322 n. 87; § 553 p. 339 n. 17.

---

Note.—(1) As to necessity of affidavit in support of application to open judgment by default, see 15 R. C. L. 717; 5 R. C. L. Supp. 848; 6 R. C. L. Supp. 929.

Appeal from the District Court of Mountrail County, *Moellring*, J.

From an order vacating a default judgment on the motion of the defendant Sied Abdellah, Solomon Hodge, assignee of the defendant, appeals.

. Reversed.

*F. F. Wykoff*, for appellant.

The granting or denial of a motion to set aside a default judgment is usually left to the sound discretion of the trial court, and such decision will not usually be disturbed by the appellate court, unless such showing is made that the appellate court may say that there was an abuse of such discretion. State Bank v. O'Laughlin, 37 N. D. 532; Wakeland v. Hanson, 36 N. D. 129.

However this rule has no application in a case where the motion to vacate is made to a judge other than the trial judge. Westbrook v. Rice, 28 N. D. 324.

The broad rule has been laid down that if the time of payment must or may happen before the time for conveyance arrives, the agreement of the vendor to convey is to be deemed independent of the purchaser's agreement to pay so as to enable vendor to sue without an offer on his part to convey. 27 R. C. L. 458; Duncan v. Jeeter, 39 Am. Dec. 342; Coleman v. Rowe, 37 Am. Dec. 164.

The general rule is that a party seeking aid from a court of equity from judgments at law must be without fault or negligence, and if he is negligent or careless either in preparing or trying his action at law, the doors of chancery will remain closed and relief will be denied. 15 R. C. L. 740.

Courts of equity do not lightly interfere with judgments at law and do so only with caution and reluctance.• 15 R. C. L. 730.

The affidavit of merits is necessary in all cases when the application is made under the provisions of the statute quoted, and, in the absence of an allegation of fraud as a basis for the vacation of the judgment, such motion is never granted without an affidavit of merits. Racine v. Pavlicek, 21 N. D. 222.

*R. E. Swendseid*, for respondent.

In an application to vacate a default judgment, the question rests with the sound discretion of the trial court, and the burden of showing abuse of discretion is upon the party complaining. State Bank v.

O'Laughlin, 37 N. D. 532, 164 N. W. 135; Wakeland v. Hanson, 36 N. D. 129, 161 N. W. 1011; 4 C. J. 798, § 2754.

Action on notes for purchase price of land will lie if the plaintiff is compelled by the decree to carry out his part of the agreement. Shelly v. Mikkelson, 5 N. D. 22, 63 N. W. 210.

PER CURIAM. This is an appeal from an order vacating a default judgment entered against the defendant, Sied Abdellah. The facts are substantially as follows: On October 25th, 1913, the summons and a duly verified complaint in the above entitled action were served personally upon the said defendant Sied Abdellah, within said Mountrail county, by the sheriff of said county. The action was brought to recover the amount due on several promissory notes, aggregating in all $1,500, claimed to have been executed by the defendants and payable to the order of the plaintiffs. No appearance was made by the defendant Abdellah, or in his behalf; and on December 9th, 1914, judgment by default was rendered against him for the amount claimed in the complaint. Subsequent to the rendition of the judgment the attorney of record for the plaintiffs died, and the plaintiff, J. W. Warren, also died. The estate of said J. W. Warren was duly probated and final decree of distribution entered. Subsequent to the entry of said final decree of distribution one Solomon Hodge, the appellant here, purchased the judgment and took a written assignment thereof from each of the heirs of said J. W. Warren, deceased, and from Lillian Warren, the other plaintiff in this action, which said assignments transferred and assigned said judgment to Hodge. On October 7th, 1924, the said Solomon Hodge filed an affidavit in the office of the clerk of the district court renewing the said judgment.

On September 19th, 1925, an execution was issued upon said judgment and certain property of the said defendant Abdellah seized under such execution. Thereupon the said Abdellah moved that the judgment be vacated and that he be permitted to interpose an answer. On November 24th, 1925, the court made an order granting such motion, and this appeal is from the order so made.

As a part of his moving papers the defendant submitted an answer wherein he denies each and every allegation of the complaint, and, as an affirmative defense, pleads that there has been an entire failure of con-

sideration for the promissory notes in suit; that such notes were given as consideration for a certain contract for deed wherein the plaintiffs agreed to sell to the defendants certain real property in the city of Stanley, in this state; that such property was subject to an existing mortgage and that subsequently the mortgage was foreclosed; that the property was sold at foreclosure sale, and that a sheriff's deed was issued upon such sale on November 20th, 1914, to one Johnson who subsequently conveyed the property to other persons who are the present owners thereof. This answer is not verified by the defendant but is verified by defendant's counsel on information and belief. No affidavit of merits was submitted; and both in the trial court and on this appeal the appellant here challenges the right of the defendant to have the judgment vacated in the absence of such affidavit. The contention thus advanced by the appellant is well taken and necessitates a reversal of the order. The necessity for such affidavit, in a case like the one at bar, has been recognized throughout the entire history of this state. The only situation in which an affidavit of merits may be dispensed with is where the defendant appeared and duly interposed a verified answer, and judgment was entered against him by default after such answer had been interposed. Jesse French & Sons Piano Co. v. Getts, 49 N. D. 577, 192 N. W. 765. But in a case like the one at bar where the defendant has failed to appear or answer at all and seeks to be relieved from his default on the ground of mistake, inadvertence, surprise or excusable neglect, it is not enough that there be an answer setting forth a defense. It must appear that in light of all the facts in the case he has a meritorious defense. In other words, it must appear, not only that there are certain facts which standing by themselves constitute a defense; but it must further appear that the defendant knows of no matter which will render the proposed defense nugatory. As was said by this court in State Bank v. O'Laughlin, 37 N. D. 532, 535, 164 N. W. 135:

"The moving party must show himself entitled to the relief which he seeks. And to do this he must show: (1) That he has a good defense upon the merits; (2) a reasonable excuse for the mistake, inadvertence, surprise or neglect which occasioned the default; and (3) reasonable diligence in presenting the application to vacate after knowledge of the judgment."

The ground of defendant's motion to vacate the judgment herein,

as stated in such motion, is that the judgment was secured through fraud. The real basis of the motion, however, as gathered from the affidavits submitted in support of the motion to vacate, is that the defendant was and is mentally incompetent. The memorandum opinion made by the trial judge also clearly indicates that this was the principal reason for vacating the judgment. It could hardly be contended that apart from the showing as to mental incompetency there is any sufficient showing to justify a vacation of the judgment. The motion to vacate was heard before a judge other than the one by whom the judgment was ordered. The showing made in support of the motion to vacate, as well as in opposition thereto, consists wholly of affidavits. In view of the conclusion already reached we do not deem it necessary to refer to these affidavits in detail. But considering the affidavits as a whole, in light of the undisputed facts as they appear in the record, we are of the opinion that the judgment here ought not to be vacated on motion at all; but the defendant should be required to resort to his remedy by action. Campbell v. Coulston, 19 N. D. 645, 124 N. W. 689; 34 C. J. p. 322.

The order appealed from is reversed without prejudice to the right of the defendant to maintain an equitable action for relief against the judgment.

CHRISTIANSON, Ch. J., and JOHNSON, BURKE, NUESSLE, and BIRDZELL, JJ., concur.