W. A. Hart, Respondent, v. ZACHARIAH T. HONE, et al. WM. J. NESLER, Appellant.

(223 N. W. 346.)

Opinion filed July 27, 1928.   Rehearing denied February 18, 1929.

*W. H. Stutsman,* for appellant.
No appearance for respondent.

CHRISTIANSON, J.   Plaintiff brought this action under chapter 31 of the Code of Civil Procedure (Comp. Laws 1913, §§ 8144–8156) to quiet title to a quarter section of land in Grant county in this state. In addition to certain named defendants there was also named as parties defendant "all other persons unknown claiming any estate or interest in, or lien or incumbrance upon the property described in the complaint." Personal service was made upon the named defendants and service was made by publication upon the unknown parties defendant in conformity with the provisions of § 8150 Comp. Laws 1913. All the defendants made default and the action came on to be heard before the district court of Grant county on October 29, 1927. The district court made findings of fact and conclusions of law and order for judgment in favor of the plaintiff. The findings of fact were in effect that the county of Grant had obtained a tax deed for the tract of land described in the complaint on June 15, 1927 upon delinquent taxes for the year 1922; that said tax deed was obtained and executed in conformity with the statutes in such cases made and provided; that the plaintiff subsequently purchased said land from the county of Grant, and that said county, acting by and through its officers, executed and delivered a deed conveying said tract of land to the plaintiff. On November 2, 1927 judgment was entered in accordance with the findings, conclusions and order for judgment.

On January 28, 1928 the appellant, William J. Nesler, made application, pursuant to notice, that the judgment be opened and that he be permitted to appear and defend in the action. In support of

the motion he submitted his own affidavit and the affidavit of his counsel and a proposed answer verified by himself. The answer denies that the plaintiff was the owner of the land described in the complaint and alleges that he, William J. Nesler, is the owner and holder of a mortgage upon said land executed and delivered by one Hone (the then record owner) on December 14, 1922. The answer further alleges, upon information and belief, that by reason of non-payment of the 1922 taxes upon said land "certain proceedings were had whereby the county of Grant attempted to acquire title to said land under and pursuant to the terms and provisions of session laws 1925, chapter 199 and to sell the same as property of Grant county at public auction on the 14th day of June, 1927." It further alleges that on that date the plaintiff was the president of the First State Bank of Carson "which bank had for four years then last past acted as defendant's agent in connection with said mortgage and in collecting the interest thereon, and in remitting said interest to defendant;" and that said Bank had a second mortgage in the sum of $1,387.13 and a third mortgage in the sum of $225 on said land; and that the plaintiff as well as the vice president of the bank knew that the defendant Nesler was the owner of the first mortgage. The answer further alleges that whatever title plaintiff has or asserts against the land is based upon said tax proceedings, namely, the title procured by Grant county and conveyed by the county to the plaintiff. And it is alleged:

"That said proceedings are in all things invalid and fail to create any estate or interest in or lien or incumbrance upon said land superior to the lien of defendant, excepting that defendant may be required to pay said taxes, together with proper penalties and interest, as condition of removing the lien of such taxes from said land, which defendant stands ready and willing to do, whenever the court shall so direct."

The affidavit of the defendant, Nesler, contains the following averment:

"That the affiant says that he has fully and fairly stated all the facts to his counsel, the said W. H. Stutsman, and is advised by him that he has a valid and substantial defense on the merits to the cause of action alleged in the complaint, and he verily believes the same to be true and that *such defense on the merits is fully set forth in the verified answer* attached to this affidavit."

Certain counter-affidavits were submitted. The trial court, after hearing, and due consideration, entered an order denying the application of the defendant Nesler to re-open the judgment and for leave to answer and he appeals from such order.

The laws of this state relating to relief from default judgments are embodied in §§ 7483 and 8156, Comp. Laws 1913. So far as material here, they read:

"Sec. 7483. The court may . . . in its discretion and upon such terms as may be just at any time within one year after notice thereof, and any such defendant or his representative upon good cause shown, relieve a party from a judgment . . . taken against him through his mistake, inadvertence, surprise or excusable neglect. . . ."

"Sec. 8156. A defendant in an action to determine adverse claims, proceeded against by name or as an unknown party or heir, or his representative on application and sufficient cause shown at any time before trial, must be allowed to defend on such terms as may be just; and any such defendant or his representative upon good cause shown, and on such terms as may be just, may be allowed to defend after trial and within one year after the rendition of judgment therein, but not otherwise."

It is the contention of the appellant that § 8156 alone is applicable in actions to quiet title and that this section provides a different rule from that prescribed by § 7483 supra. It is asserted that under § 8156 supra it is not necessary for the applicant to show mistake, inadvertence, surprise or excusable neglect and that upon timely application within one year after the rendition of the judgment a defendant who has defaulted is entitled to have the judgment opened and to be permitted to defend as a matter of right. In support of this contention appellant cites Gray v. Lawlor, 151 Cal. 352, 90 Pac. 691, 12 Ann. Cas. 990. We find it unnecessary to enter into an extended discussion of the contentions thus advanced. Gray v. Lawlor involved statutory provisions wholly different from § 8156. That case involved a provision which read: "When from any cause the summons in an action has not been personally served on the defendant, etc." In a word, that case involved a statute providing for relief against default judgments in all cases where the judgment was based on constructive

service of the summons. Section 8156 is not restricted to such cases; it applies to all cases in which judgments have been rendered by default in statutory actions to quiet title. It applies as well where a named defendant has been personally served with process as where an unknown defendant has been served by publication.

On an application to be relieved from a default judgment the court will consider every fact and circumstance that has any reasonable bearing on whether sufficient cause has been shown why the judgment should be vacated. Hence the court will of necessity consider the mode of service. Where there has been personal service the defendant is charged with actual knowledge of the institution of the action and if he makes default it becomes incumbent upon him to show why he failed to interpose an answer in the time provided by law. Where there has been constructive service, the service may be completed, defendant may default and judgment may be rendered without any actual knowledge on the part of the defendant that an action has been commenced. Hence in cases of constructive service it is not the time of service but rather the time when the defendant receives actual knowledge of the service or the rendition of the judgment that fixes the point of time that will be considered in determining whether he has or has not acted with reasonable diligence in seeking relief from the default. This follows from the inherent difference in the two modes of service. It does not follow, however, that the trial court has no discretion as to whether a default judgment should be vacated in cases of constructive service. On the contrary, § 8156 clearly indicates that the court has some discretion. It imposes, in all cases, upon a party seeking to be relieved from a default judgment the burden of showing good cause why such relief should be granted; and such good cause unquestionably includes at least a prima facie showing that the defendant has a good meritorious defense. In other words, one who seeks to be relieved from a default judgment in an action to quiet title has the burden of presenting a prima facie showing, "that if he had presented his defense, it would have prevailed, so that the judgment, as it stands, works injustice" (1 Black, Judgm. 2d ed. § 374), and that if the judgment is vacated and the defendant allowed to defend the trial may and probably will result in a judgment in his favor. It is true that in applications for relief from a default judgment the plaintiff will not

be permitted to combat any defense claimed by the defendant; and that the defense set forth in the answer or the affidavit of merits will, for the purpose of the case, be deemed true. The court will, however, examine the defense pleaded to see whether the same on its face constitutes a defense. Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581; Johannes v. Coghlan, 23 N. D. 588, 137 N. W. 822.

It is primarily a question for the trial court to determine whether the defendant has shown good cause why the judgment should be set aside and he should be permitted to defend. One of the fundamental requirements is that he make a showing that he has a meritorious defense. We are agreed that in this case the applicant failed to make such showing of a meritorious defense as to make it error for the trial court to refuse to grant his application. While the defendant tendered an affidavit of merits, the affidavit of merits specifically refers to the answer as to the defense tendered. Obviously it cannot be assumed that the defendant has any stronger defense than he has tendered. While the proposed answer denies that defendant is the owner of the land as alleged in the complaint, the answer in subsequent allegations specifically shows the nature of plaintiff's title to the realty in question; and it is clear from the allegations of the answer that the plaintiff has a good title and that the judgment rendered is correct unless: (1) There is some defect in the proceedings under which Grant county acquired title; or (2) the plaintiff occupied such a fiduciary relation as regards the appellant as to inhibit the plaintiff from acquiring and asserting title as against the appellant or so as to render him a trustee of the title so acquired for the benefit of the appellant.

It is apparent from the entire record, including the allegations of the proposed answer, that the county of Grant acquired title to the tract of land involved under proceedings had in accordance with the provisions of chapter 199, Laws 1925 and that thereafter such tract was offered for sale by the county of Grant at public auction in the manner provided by such statute and sold to the plaintiff, Hart, and that thereupon the county of Grant conveyed the premises to him in conformity with said statute. It is presumed that the proceedings had were in all respects regular and that the county of Grant acquired a valid title to the premises under the statute and that it in turn trans-

ferred such title to the purchaser at the sale. If the defendant desired to challenge the validity of the proceedings it was incumbent upon him to allege in his answer the particulars in which the proceedings were invalid. The answer will be searched in vain for any such averments. All that the answer contains is the bare legal conclusion "that said proceedings are in all things invalid and failed to create any estate or interest, etc." There is not the slightest attempt to point out in what specific respects the proceedings are invalid,—wherein there was a failure to comply with the provisions of the law. Apparently it is conceded that the taxes were unpaid and that the tax lien was valid as the defendant in his answer concedes that the whole principal amount of the taxes, as well as interest and penalties, are due and constitute a lien on the land. The bare statement that the proceedings are invalid is merely a legal conclusion and does not constitute a statement of any defense against the tax title. It was incumbent upon the defendant to allege in his pleading the particulars in which the proceedings had failed to comply with the law. Sayles v. Davis, 22 Wis. 225; Straus v. Foxworth, 231 U. S. 162, 58 L. ed. 168, 34 Sup. Ct. Rep. 42. In Straus v. Foxworth, supra, the Supreme Court of the United States had occasion to consider an allegation in a complaint (attacking the validity of certain tax deeds) that the tax sales upon which the tax deed was based were "not sufficiently advertised." The court said:

"Plainly, the allegation that the sales were 'not sufficiently advertised' was purely a conclusion of law, and must be disregarded. No facts being set forth to sustain it, the statement of the conclusion was merely an empty assertion, and, under the rule that a demurrer admits only facts well pleaded, the conclusion was not admitted."

(2) Does the answer set forth facts which show that the plaintiff was inhibited from purchasing the land or which show the plaintiff to be a trustee of the title acquired for the benefit of the appellant? We think not. The answer was apparently prepared on the theory that the plaintiff acquired title through the purchase of a tax certificate; that while the purchase was made by the plaintiff Hart, he actually acquired title for the benefit of the First State Bank of Carson; that the First State Bank of Carson held mortgages upon the land subsequent to the mortgage held by the appellant; also that the First State Bank of

Carson acted as agent for the appellant in collecting and remitting interest payment upon the mortgage owned by the plaintiff. In other words, the answer apparently seeks to invoke the principle of law announced by this court in Baird v. Fischer, ante, 167, 220 N. W. 892, that a mortgagee may not purchase at a tax sale and assert the title so acquired as against the holder of another mortgage. We are all agreed, however, that this principle is not applicable here. The plaintiff in this case did not obtain title through purchase at a tax sale or through the assignment of a tax certificate and tax title obtained on such certificate. The plaintiff obtained title by purchasing the premises from the county of Grant after the county had acquired title under a tax deed issued to it. The mortgage liens, both of the First State Bank of Carson and of the plaintiff, had been extinguished and either of them "was as free to bargain for its purchase as though the mortgage had never existed." Williams v. Campion, 53 N. D. 456, 459, 206 N. W. 703.

There is no averment in the answer of any agreement between the appellant and the First State Bank of Carson or the plaintiff in this case. The allegations in the answer are that the First State Bank of Carson had acted as defendant's agent in looking after his interest in connection with said mortgage and in collecting said interest thereon and in remitting said interest to the appellant. The only specific acts which the answer alleges that the bank performed as agent for the defendant are that it collected and remitted interest payments. There is no allegation that the bank had agreed to furnish, or had been requested to furnish, information as to whether the taxes against the land were or were not paid. Nor is there any averment that the plaintiff ever made any inquiry as regards such taxes. The plaintiff, of course, was charged with knowledge that taxes would be levied against the land. The answer, in our opinion, fails to set forth any facts which inhibited the plaintiff Hart from purchasing the land or which will render him a trustee for the benefit of the appellant of the title acquired. In other words, we are agreed that the proposed answer in this case does not show that the appellant has a good and meritorious defense in this case. This being so it follows that he has failed to establish on this appeal any error on the part of the trial court in

refusing to re-open the judgment and permitting him to answer. The order appealed from is affirmed.

NUESSLE, Ch. J., and BIRDZELL, and BURKE, JJ., and PUGH, Dist. J., concur.

BURR, J., did not participate; Honorable THOMAS H. PUGH, Judge of the Sixth Judicial District, sitting in his stead.