HENRY KOZAK, Appellant, v. ADRIAN R. ASHBRIDGE, Respondent.

(222 N. W. 620.)

Opinion filed December 21, 1928.

*Allen & Engeseth,* for appellant.

*William Langer,* for respondent.

BURR, J. This is an appeal from the order of the district court vacating and setting aside a default judgment. The summons and complaint were served upon the defendant on February 2, 1928. Defendant failed to appear and judgment by default was taken on March 10. Three days. afterwards an execution was issued. On March 16 the defendant submitted an answer to the counsel for the plaintiff and asked him to admit service thereon which request was refused. Counsel for plaintiff claims that this proposed answer was dated March 15,

1928 and is the same answer as was tendered by the plaintiff on the application to vacate and set aside the judgment. On April 10, the defendant served notice of motion to vacate and set aside the judgment, basing the same upon the affidavit of the counsel for the defendant and of counsel's stenographer tending to show mistake, surprise, inadvertence and excusable neglect. Neither of these affidavits sets forth the facts in the case so as to constitute an affidavit of merits, and there is no affidavit from the defendant himself. With the notice of motion was served the proposed answer, verified by counsel for the defendant on information and belief.

The motion was resisted by the plaintiff who submitted the affidavit of his counsel, showing that all of the papers served upon him on this motion were the affidavit of defendant's counsel, William Langer, Ethel Mills the stenographer, and the proposed answer.

The motion was heard on this record on April 30, and on June 8, the court granted the motion, making and entering an order to the effect that the judgment heretofore entered in the above-entitled action be vacated and set aside upon the payment of $20 costs and upon the further condition "that this case be placed on the calendar for the 1928 term of the district court for June and that this said case be tried during such term. The judgment to remain a lien to the extent of any judgment later obtained." This order was served upon plaintiff on September 18, 1928, the terms refused, and an appeal taken.

The appeal sets forth four specifications of error one of which is "that the court erred in setting aside and vacating the default judgment in said action for the reason that no proper and sufficient statutory showing was made by the defendant and respondent to justify the court in setting aside the default judgment."

The principal argument on this specification is that there was no affidavit of merits served with the proposed answer.

It is settled procedure in this state, dating from the early history of this court, that "on motion by defendant to be relieved from a judgment entered against him because of his default, he must present an affidavit of merits as well as a verified answer, or his motion must be denied." See Sargent v. Kindred, 5 N. D. 8, 19, 63 N. W. 151. Here in this case cited the procedure is set forth clearly and explicitly. In Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228,

the same rule is laid down that "proper procedure for relief from default judgment, . . . is by motion to vacate the same based on an affidavit of merits and a proposed verified answer." Here previous decisions are collated and the whole procedure is set forth. The latest case on this point is Warren v. Resaake, 54 N. D. 65, 208 N. W. 564.

Here this court said: "An application . . . to be relieved from a default judgment on the ground of mistake, inadvertence, surprise or excusable neglect made by a defendant who at no time appeared or answered in the action, and against whom judgment was taken by default for want of appearance or answer must be supported by an affidavit of merits."

Even if it be true that such affidavit of merits may be set forth in the answer, if verified positively the same as an affidavit and show all of the facts required in an affidavit of merits, yet this proposed answer is merely a general denial of the plaintiff's claim, and a counterclaim for an alleged overpayment of wages. The verification is by the attorney on information and belief and in no way satisfies the requirements for an affidavit of merits, even under the most liberal construction. On this point, however, see Sargent v. Kindred, supra.

Had an affidavit of merits been served we would not reverse the order of the court in vacating the judgment on the ground of excusable neglect, being satisfied that on the showing made the court would be exercising judicial discretion in making an order either way.

The order setting aside the judgment must be reversed; but without prejudice to the right of the defendant to make another application to be relieved from the default upon proper showing.

NUESSLE, Ch. J., and BURKE, CHRISTIANSON, and BIRDZELL, JJ., concur.