[File No. 6754]

MARTIN BEEHLER, Appellant, v. JOE SCHANTZ and Mary Schantz, His Wife, Respondents.

(1 NW(2d) 344)

Opinion filed November 29, 1941.  Rehearing denied December 16, 1941

*Irving Koths* and *Hyland & Foster,* for appellant.

*J. M. Hanley, Sr., James M. Hanley, Jr.,* and *Murray & Murray* for respondents.

BURR, Ch. J. This is an appeal from an order vacating a default judgment. The issue is simple. Plaintiff brought an action to quiet title to a tract of land in the town of Solen. The complaint follows the statutory form strictly. The defendants answered, denying plain-

tiff's right, and alleging they were in possession of and had been living on the premises for many years, and that there was another action pending between the same. parties, brought by the plaintiff against the defendants involving the same issues.

The case was noticed for trial, but when court convened, defendants failed to appear. Upon evidence being submitted, the court, on September 21, 1940, made findings of fact, conclusions of law, and order for judgment in favor of the plaintiff. Judgment was entered on September 26, and notice of entry thereof was mailed to counsel for defendants on October 4.

On or about December 10, 1940, defendants made a motion to vacate the judgment, basing the same upon the ground that no notice of trial had ever been served, that nothing was known of the trial until after judgment was entered, and that, therefore, the judgment entered was void.

The court granted a stay of execution, and the matter came on for hearing before Judge Lembke. In his order, made December 26, 1940, Judge Lembke stated "that the defendants have not shown a meritorious defense, or good cause why the judgment should be vacated and that neither mistake, inadvertence, surprise, or excusable neglect as contemplated by the statute has been shown." The court, therefore, ordered that the application to vacate be denied, and the stay of execution be revoked.

On or about January 31, 1941, defendants made a second motion to vacate the judgment on the ground that the default had been occasioned by inadvertence and excusable neglect; and at the same time filed and served an amended answer, in which they set forth that the plaintiff claimed title because of a deed from the county of Sioux, based upon a tax deed; that the tax deed was void in that the property was not sold for taxes according to law; and that no notice of the expiration of the period of redemption from tax sale had ever been served on anyone. The motion was based upon affidavits made by one of the defendants and by counsel for the defendants, and reference will be made to the contents later.

On February 13, 1941, at the request of Judge Lembke, Judge Berry heard this motion upon notice to the plaintiff; set aside the judgment,

and held the matter for trial upon its merits. From this order, dated February 17, 1941, plaintiff appeals.

Plaintiff bases his appeal on the following propositions:

"The Plaintiff claims 1st. that the order signed by Judge Lembke on the first motion, upon a full hearing, was a final decision in the matter, and that Judge Berry had no further jurisdiction in the matter.

"2d. That even if Judge Berry had jurisdiction, the defendants did not show mistake, inadvertence, or excusable neglect.

"3d. That defendants did not show they had a valid defense in the action."

In the answer, the defendants set forth that there was another action pending between the parties.

The record shows that when the defendants made their first application to Judge Lembke to set aside the default, it was based solely on the ground that no notice of trial had been served, and they claimed, therefore, that the judgment entered was void.

It will be noted this second application was made to Judge Lembke, who had made the former order, and was heard in not to exceed fifty days from the time that the first order was made. Judge Berry was a judge of the same district court as Judge Lembke, and, in addition, heard the application at the request of Judge Lembke.

Appellant relies upon Enderlin State Bank v. Jennings, 4 ND 228, 59 NW 1058, wherein we held generally "that one judge has no power to review, on the same facts, the decision of another judge, of co-ordinate jurisdiction." This case is not applicable. Judge Berry, as hereinbefore shown, heard the motion at the request of Judge Lembke, and the motion was based on new grounds.

The case of Weber v. Tschetter, 1 SD 205, 46 NW 201, throws light on this proposition. Therein the South Dakota court holds that where "an order denying a motion to vacate a judgment on the ground, principally, that the defendant had not been served with summons, is no bar to a motion . . . for relief from such judgment on the ground of mistake, inadvertence, surprise, or excusable neglect."

In the case at bar, the first motion attacked the judgment on the ground it was void. That ground was clearly erroneous; nevertheless, the same court had jurisdiction to hear a motion on entirely different

grounds so long as the application was made within the time specified by statute.

Judge Berry had as much power and authority to hear this motion as Judge Lembke had, and, therefore, had jurisdiction of the matter.

We need not enter into a lengthy statement as to the undisputed facts as shown by the affidavits, upon which the second motion was based. No notice of trial was served upon the defendants personally; but they are in error in saying no notice of trial had been served. Notice of trial had been served on one counsel; but the counsel who had charge of the matter apparently knew nothing about this notice of trial; and the counsel upon whom it was served shows the notice had been accidentally placed in another file; that his partner, who had charge of this case, was commerce counsel for the State Board of Railroad Commissioners at Bismarck, and was the one in charge of the case; that the one upon whom the notice was served had completely forgotten the matter and failed to notify his partner; that it is usual and customary for the clerk of court, or opposing counsel, to notify parties that a term of court had been called, and that terms of court were so irregularly called in Sioux County on account of the depression and little litigation, that counsel did not know a term of court had been called.

Counsel for the plaintiff resided at Fort Yates, and according to affidavits, had no communication with counsel for defendants regarding the coming term of court; while counsel for defendants lived at Mandan and at Bismarck respectively. The record shows clearly the failure to appear at the time of trial was due to inadvertence and excusable neglect.

The answer does show a meritorious defense. It is a good defense that another action was pending between the same parties for the same cause of action. This was the allegation in the first answer. As said in McLain v. Nurnberg, 16 ND 138, 141, 112 NW 245, 247, "The answer setting forth the pendency of the former action will be sustained, as litigants are not to be harassed by a multiplicity of suits, or even two suits involving the same issues."

It is a good defense, as set forth in the amended answer, that plaintiff has no title to the land, that his title rests upon a void deed to the

county. See Anderson v. Roberts, ante, 345, 1 NW(2d) 338, just decided. The defense is good, even though the one who attacks the deed is required, under the provisions of chapter 235, Session Laws of 1939, to reimburse plaintiff for sums paid the county for taxes, or interest in the land involved. This statute deals with the right to proceed in the trial—the right to present evidence and be heard after certain statutory requirements had been met in accordance with the order made by the presiding judge with reference thereto.

An order setting aside a judgment obtained by default is a matter largely in the discretion of the trial court, and will not be reversed upon appeal unless it is clearly shown that there was an abuse of discretion. Johannes v. Coghlan, 23 ND 588, 137 NW 822; Wakeland v. Hanson, 36 ND 129, 161 NW 1011; Burgett v. Porter, 53 ND 312, 205 NW 623; First State Bank v. Thomas, 54 ND 108, 208 NW 852; Mueller v. Occident Elevator Co. 55 ND 206, 212 NW 830; Powell v. Bach, 56 ND 297, 217 NW 172.

No such abuse being shown, the order appealed from is affirmed.

MORRIS, CHRISTIANSON, BURKE, and NUESSLE, JJ., concur.