**HUWE v. SINGER et al.**

No. 7411.

Supreme Court of North Dakota.

March 19, 1954.

Dean Winkjer, Williston, Roy L. San-
ford, Minneapolis, Minn., for appellants.

E J. McIlraith, Minot, for respondents.

GRIMSON, Judge.

This matter comes before the court upon an appeal from an order denying an application to vacate a default judgment, and for leave to answer. It appears that an action to quiet title to the Southeast Quarter (SE¼) of Section Twenty-five (25) and the Northeast Quarter (NE¼) and the Southwest Quarter (SW¼) of Sec. Twenty-six (26), and the Southeast Quarter (SE¼) of the Northwest Quarter (NW¼) of Sec. Thirty-four (34), Township One Hundred Sixty-three (163), Range Ninety-five (95), Divide County, North Dakota, was commenced on the 23rd day of May 1951. Service was made by publication upon all the unknown defendants as well as some of the named defendants. No answer or appearance was made by any of the defendants. Judgment was entered by default on the 10th day of December 1951, quieting title in the plaintiff. On the 28th day of November 1952 an affidavit of merits and a verified answer alleging plaintiff's title was based on defective tax proceedings were presented to the court on behalf of Dougald F. Kennedy and Leah Berglund, claiming to be owners of a part interest in the Northeast Quarter (NE¼) of Section Twenty-six (26), Township One Hundred Sixty-three (163), Range Ninety-five (95), and to come under the classification of unknown defendants. Upon that affidavit and answer an order was issued by the court on that day directing the plaintiff to show cause on the 8th day of December 1952, at 2 o'clock P.M., "why the judgment in the above entitled action should not be vacated and the defendants authorized to enter an answer." In response thereto a return to the order to show cause was made by the attorney for the plaintiff, who was also a party in interest, claiming matters in avoidance of the defective tax proceedings so that the suggested answer would have no effect on the ultimate determination of the action. A hearing was had and briefs filed on behalf of both sides. The district court

thereupon denied the application, and from that denial this appeal is taken.

These proceedings are brought under Section 32-1713, NDRC 1943, which reads as follows:

"A defendant in an action to determine adverse claims, proceeded against by name or as an unknown party, or his representative, on application and sufficient cause shown at any time before trial, must be allowed to defend on such terms as may be just, and any such defendant or his representatives upon good cause shown, and on such terms as may be just, may be allowed to defend after trial and within one year after the rendition of judgment therein, but not otherwise."

This court has on numerous occasions passed on the requirements of an application for opening a default judgment. While many of those cases have been under the general statute, Section 28-2901, NDRC 1943, the procedure is the same and the principles regarding the diligence in seeking the opening of a judgment and the necessity of a sufficient cause are the same. The burden is on the applicant to show diligence in seeking relief and to show good cause for opening the judgment. Wheeler v. Castor, 11 N.D. 347, 92 N.W. 381, 61 L.R.A. 746; Hart v. Hone, 57 N.D. 590, 223 N.W. 346.

[3] In order to do that this court has from early statehood held that an affidavit of merits, together with a verified answer must be presented by the applicant. In Sargent v. Kindred, 5 N.D. 8, 63 N.W. 151, this court held: "On motion by defendant to be relieved from a judgment entered against him because of his default, he must present an affidavit of merits as well as a verified answer, or his motion must be denied." Gauthier v. Rusicka, 3 N.D. 1, 53 N.W. 80; Sargent v. Kindred, 5 N.D. 8, 19, 63 N.W. 151; Kirschner v. Kirschner, 7 N.D. 291, 75 N.W. 252; Minnesota Thresher Mfg. Co. v. Holz, 10 N.D. 16, 84 N.W. 581; Wheeler v. Castor, 11 N.D. 347, 92 N.W. 381, 61 L.R.A. 746; Racine-

Sattley Mfg. Co. v. Pavlicek, 21 N.D. 222, 130 N.W. 228; Warren v. Resaake, 54 N.D. 65, 208 N.W. 564.

In this affidavit facts must be stated positively. Allegations merely on information and belief are not sufficient. 31 Am. Jur., Judgments, Sec. 783, p. 313; Anno. L.R.A.1916F, p. 848; Columbus Mutual Life Ass'n v. Plummer, 86 Ill.App. 446; Jenkins v. Gamewell Fire Alarm Co., 3 Cal. Unrep. 655, 31 P. 570; Superior Consol. Land Co. v. Dunphy, 93 Wis. 188, 67 N.W. 428. The affidavit should be made by the defendant or one having personal knowledge of the facts. People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N.W. 219. If not made by applicant a good and sufficient reason must be set forth to show why the party himself does not make it. Davis v. Solomon, 25 Misc. 695, 56 N.Y.S. 80, 28 Civ.Proc.R. 420; Bailey v. Taaffe, 29 Cal. 422; Kirschner v. Kirschner, 7 N.D. 291, 75 N.W. 252.

In the case at bar the affidavit of merits is made by an attorney for the applicants. No reason is assigned why the applicants themselves do not make the affidavit. The attempted showing of diligence in making this application after discovering the judgment is based on the information from one of the parties. It does say that the affiant has examined an abstract of title to the NE¼ of Sec. 26, Tp. 163, R. 95, Divide County, and found one John Michael to be the record owner thereof. Then the affiant states the interest of these applicants in that property entirely on information and belief. Clearly the affiant had no personal knowledge thereof.

The affiant does say that he "examined the files of the Auditor of said Divide County with reference to the tax deed proceedings upon which plaintiff's cause of action is founded, and that affiant believes the proceedings are fatally defective for the reasons set forth in the answer of Dougald F. Kennedy and Leah R. Berglund, attached hereto and made a part of this affidavit, and that affiant has advised the said Dougald F. Kennedy that in his opinion they have a valid and meritorious defense to the complaint herein."

In the proposed answer which is made a part of the affidavit the defense of the applicant is based upon irregularities in the tax deed proceedings upon which a tax deed was issued Mar. 2, 1940. Through that deed plaintiff claims title.

A somewhat similar affidavit is discussed in Bailey v. Taaffe, supra, as follows:

"The affidavit is also manifestly insufficient on the question of merits. The affidavit is not made, as it should have been, by the defendant, but by his counsel, who does not state that he knows what the defence is, and that, in his opinion, it is a substantial one, but, on the contrary, contents himself with saying that from the examination of the defendant's title, so far as he has made such examination, he verily believes that it is better than the plaintiff's. Whether he knows anything about the plaintiff's title is not stated. Whether the examination made of the defendant's title was very elaborate or very meagre is likewise not stated. Nor is it stated that the defendant has 'fully and fairly' stated his whole case to him, and, in view of such statement, what his professional opinion is touching the defence."

This applies very well to the affidavit in the case at bar. There is no statement as to the thoroughness of the examination. There is no statement as to whether or not facts exist from which the alleged defense may be made nugatory. There is no statement that the applicant has "fully and fairly" stated his whole case to the affiant. The opinion of affiant as to the merits of the defense is based solely on his examination of the tax sale proceeding. In Hart v. Hone, 57 N.D. 590, 223 N.W. 346, 348, Judge Christianson in passing on an application to open up a default judgment under Section 8156, C.L.1913, now Section 32-1713, N.D.R.C. 1943, supra, says:

"It imposes, in all cases, upon a party seeking to be relieved from a default judgment, the burden of showing good cause why such relief should be granted; and such good cause unquestion-

ably includes at least a prima facie showing that the defendant has a good meritorious defense. In other words, one who seeks to be relieved from a default judgment in an action to quiet title has the burden of presenting a prima facie showing, 'that, if he had presented his defense, it would have prevailed, so that the judgment, as it stands, works injustice' (1 Black on Judgments (2d Ed.) § 374), and that, if the judgment is vacated and the defendant allowed to defend, the trial may and probably will result in a judgment in his favor. * * * Minnesota Thresher Mfg. Co. v. Holz, 10 N.D. 16, 84 N.W. 581; Johannes v. Coghlan, 23 N.D. 588, 137 N.W. 822. * * * One of the fundamental requirements is that he made a showing that he has a meritorious defense."

In Sargent v. Kindred, 5 N.D. 8, 63 N.W. 151, 154, Judge Corliss says:

"When a suitor is forced to ask a favor of the court, he must make out a strong case of injustice. It is not sufficient to show that his default was taken. It is not even enough for him to be able to swear to an answer setting forth a defense. The averments of the answer may all be true, and yet there may exist facts, to the knowledge of the defendant, which entirely destroy the force of the defense. He may know of matters in avoidance of such defense. In such a case he should not be relieved from the judgment, for the judgment is just. When he prays for such relief he should satisfy the court by his oath that such condition does not exist,—that he not only has a defense, but that he knows of no matter which will render that defense nugatory."

In 1 Freeman on Judgments, 5th Ed., Sec. 286, p. 564, it is said:

"A verified answer has been held not to obviate the necessity for an affidavit of merits. The reasoning upon which this view is based is, that while an answer might be true, and the matters set forth in it might, upon their face, seem to form a sufficient defense to the complaint, yet they might be affected by other matters in avoidance well known to the defendant, but which he was under no obligation to state in his answer; that in order to authorize the interposition of the court, something more ought to be required than an exhibition of facts which, if neither explained nor avoided, would present an obstacle to plaintiff's recovery; that to bring a case completely within the statute, it must appear prima facie that the defendant, in addition to having an answer to the complaint, has a defense which is sufficient and meritorious when viewed in all the light which can be thrown upon it by all the facts involved in the action." See also Fowzer v. Huey & Phillips Hardware Co., Tex. Civ.App., 99 S.W.2d 1100; Cragin v. Henderson County Oil Development Co., Tex. [Com.App.] 280 S.W. 554, 555; Frizell v. Northern Trust Co. of Chicago, 144 Kan. 481, 61 P.2d [1344] 1346.

Clearly the affidavit of merits in the case at bar is insufficient. It fails to bring before the court, positively, the necessary requirements for the opening of a default judgment.

The order of the district court is affirmed.

MORRIS, C. J., and BURKE and SATHRE, JJ., concur.