**LUMSDEN v. MICHAEL et al.**

No. 7419.

Supreme Court of North Dakota.
March 19, 1954.

Dean Winkjer, Williston, for appellants.

Geo. P. Homnes, Crosby (E. J. McIlraith, Minot, on brief), for respondent.

GRIMSON, Judge.

This is a companion case to Huwe v. Singer, N.D., 63 N.W.2d 399, just decided and involves identical procedure. A default judgment was taken in an action to quiet title to the Northwest Quarter (NW¼) of Section Twenty-five (25); West Half (W½) of the Northwest Quarter (NW¼); Northeast Quarter (NE¼) of the Northwest Quarter (NW¼) and the Northwest Quarter (NW¼) of the Northeast Quarter (NE¼) of Section Thirty-four (34), and the North Half (N½) of the Southeast Quarter (SE¼) of Section Twenty-seven (27) Township One Hundred Sixty-three (163), Range Ninety-five (95). Service by publication was made on all unknown defendants. No answer or appearance was made by any of the defendants. Judgment was entered by default on the 11th day of December 1951. On the 28th day of November 1952 an affidavit of merits and a proposed answer on behalf of Dougald F. Kennedy and Leah Ruth Berglund who claim to come under the designation of unknown defendants as the owners of a part interest in the Northwest Quarter (NW¼) of Section Twenty-five (25), Township One Hundred Sixty-three (163), Range Ninety-five (95) in Divide County, North Dakota, was filed with the court. An order to show cause why the judgment should not be vacated and the defendants authorized to answer, was issued by the court returnable Dec. 8, 1952. A return to said order to show cause was made on behalf of the plaintiff. Upon the hearing thereon the court denied the application. From that denial this appeal is made.

The law governing applications for the vacation of default judgments in cases like the one at bar is fully stated in the case of

Huwe v. Singer, supra, and reference thereto is made.

The affidavit of merits in the instant case is made by an attorney for the applicants and, with the exception of the description of the land, is identical with the affidavit made in the case of Huwe v. Singer, supra.

The diligence of the applicants in making the application after they discovered the entry of the judgment and their interest in the land here involved is set forth on information and belief. It is apparent that the attorney had no personal knowledge of the facts in the case. In these respects neither applicant makes any positive affidavit nor is there any reason given why the attorney instead of the applicants makes the affidavit of merits.

On the merits the affidavit states that the attorney has examined the files of the auditor of Divide County with reference to the tax proceedings on which plaintiff's title is based and from said examination he states that he believes such tax proceedings are defective and that he has advised the applicants "that in his opinion they have a valid and meritorious defense to the complaint herein." There is no statement in the affidavit that the applicants have informed the attorney fully of the facts concerning their case and clearly the advice to the applicants is not based upon a full statement of the facts concerning the tax title. The proposed answer which is made a part of the affidavit sets forth alleged irregularities in the notice of the expiration of redemption and the service thereof as well as in the sale of the property. The answer further shows that a tax deed was issued Oct. 2, 1940, and the property subsequently conveyed to plaintiff's grantor.

Plaintiff filed a return to the order to show cause resisting the motion and setting forth some facts by affidavit which if proven would make the proposed defense nugatory.

In Warren v. Resaake, 54 N.D. 65, 208 N.W. 564, 565, it is said that in a case like this "it is not enough that there be an answer setting forth a defense. It must appear that in light of all the facts in the case he has a meritorious defense. In other words, it must appear, not only that there are certain facts which, standing by themselves, constitute a defense, but it must further appear that the defendant knows of no matter which will render the proposed defense nugatory." See also State Bank of Menagha v. O'Laughlin, 37 N.D. 532, 164 N.W. 135. The court upon a consideration of the affidavit and proposed answer of the applicant and the return of the plaintiff denied the motion.

An application for the opening of the default judgment is addressed to the sound discretion of the trial court. An order granting such motion will not be disturbed unless an abuse of discretion is shown. Union Storage & Transfer Co. v. Smith, N.D., 58 N.W.2d 782; Beehler v. Schantz, 71 N.D. 409, 1 N.W.2d 344; Johannes v. Coghlan, 23 N.D. 588, 137 N. W. 822; Wheeler v. Castor, 11 N.D. 347, 92 N.W. 381, 61 L.R.A. 746; Hart v. Hone, 57 N.D. 590, 223 N.W. 346; Keeney v. City of Fargo, 14 N.D. 419, 105 N.W. 92; Olson v. Sargent County, 15 N.D. 146, 107 N.W. 43; Colean Manufacturing Co. v. Feckler, 16 N.D. 227, 112 N.W. 993. Clearly, there is no abuse of discretion shown in the instant case.

The record supports the decision of the court in denying a motion to vacate the judgment.

The order of the district court denying the motion to vacate the judgment and to be allowed to answer is affirmed.

MORRIS, C. J., and BURKE and SATHRE, JJ., concur.