John W. SMITH, Plaintiff and Appellant,

v.

Bert L. COOK; Robert H. Tuttle; C. L. Stephens; Bessie A. McDonough, Bessie A. Porger; First State Bank of White Earth, North Dakota, (closed), L. R. Baird, Receiver, Bismarck, North Dakota; American State Bank of Burlington, North Dakota, a corporation; Olla H. Smith; George Grandin; Mary A. Rahtge; Hattie C. Rahtge; Mary A. Curl; Reuben C. Curl; Robert A. Feidler; Rosa A. Wright; Richard R. Wright; C. H. F. Bohstedt; K. C. Wright; Kenmare Hard Coal Company, a corporation; William M. Vance; H. B. Adams; Robert L. Olbing; W. E. Arnot; Kenmare Hard Coal Brick and Tile Company, a corporation; Jesse Van Valkenberg; Horican State Bank, a corporation; Dakóta Trust Company, a corporation; A. L. Netcher, Receiver of Northern and Dakota Trust Company, of Fargo, North Dakota, a corporation; D. D. Palmer, Trustee; J. A. Wright; Frederick E. Nelson; Louise Goldstein; Rosa Goldstein; George A Tiller; Irene Tiller; Jourgen Olson and Company, a corporation; Jourgen Olson, John Werberg and Clara Olson; Directors of Jourgen Olson and Company, a corporation; dissolved; Henriatta Mather; John Leduc; Anna Leduc; Martin Walser; Flickertail Mutual Coal Company, a corporation; The American Coal Briquetting Company, a corporation; Walter H. Fisher; C. N. Foncanon; and G. N. Law, Directors of American Coal Briquetting Company, dissolved; James Dolan; Robert L. Albans; Clint Smith; and all other persons unknown claiming any estate or interest in or lien or encumbrance upon the real property described in the Complaint, Defendants and Respondents.

No. 7498.

Supreme Court of North Dakota.

Nov. 21, 1955.

Hyland, Foster & Conmy, Bismarck, for plaintiff and appellant.

Walter O. Burk, Williston, for defendants and respondents.

SATHRE, Judge.

This is an appeal from an order of the district court of Mountrail County granting the application of the defendant vacating a default judgment and for leave to interpose answer. The action was brought by the plaintiff to determine adverse claims and to quiet title in the plaintiffs to the following described real estate situated in the county of Mountrail and State of North Dakota, to-wit:

Southeast quarter of the southwest quarter (SE¼SW¼) West half of the southwest quarter (W½SW¼) of section thirty five (35) in Township One hundred fifty seven (157) north of range Ninety four west of the 5th P. M. and also the South half of the northwest quarter (S½NW¼) and South half of the northeast quarter (S½NE¼) and Lots one (1), two (2) and four (4) all in section five (5) and also Lot four (4) in section four (4) all in Township one hundred fifty six (156) North of Range ninety four (94) west of the 5th P. M.

The complaint is in the statutory form. There is a long list of defendants in this action. A large number of them were nonresidents whose places of residence and post office addresses were not known, and they were served by publication of the summons. Service was had upon the other defendants by personal service or by admission of service. All of the defendants defaulted and judgment was entered in favor of the plaintiff quieting the title in him on the 14th day of February 1952. Three of the defendants Robert H. Tuttle, C. L. Stephens and Robert H. Tuttle as Trustee of the American Coal Briquetting Company, made a motion to vacate the judgment and for leave to answer. The motion to vacate the judgment was heard before the Hon. Geo. A. McGee, one of the district Judges of the Fifth Judicial District of Mountrail County on the 13th day of February 1952. Judge McGee died before handing down a decision in the matter, and it was stipulated by the parties by their respective attorneys that the entire file in said action be forwarded to the Hon. Eugene A. Burdick, one of the Judges of the said district court together with all exhibits introduced upon the motion of the defendants before the late Hon. Geo. A. McGee, also all stenographic records and memorandum which may be in the possession of the clerk of the district court or the official court reporter who had taken the hearing upon said motion; also all briefs of counsel both of plaintiff and defendants. It was stipulated by the parties to the action by their respective attorneys that they waived any and all right thereafter to object to or claim error by reason of the submission of the above entitled action for a decision upon the record made before the Hon. Geo. A. McGee and they agreed to be bound by the order entered by the Hon. Eugene A. Burdick to the same extent and in the same manner as though said motion had been personally tried before him in open court.

The defendants appearing in this proceeding filed affidavits of merits in support of their motion to vacate the judgment and they also filed proposed answers to the complaint. Counter affidavits were filed by

the plaintiff resisting the motion to vacate the judgment.

After hearing on the motion Judge Burdick made an order vacating the default judgment and permitting the said defendants to interpose answers to the complaint. From this order the plaintiff appealed.

From the records before us it appears that the plaintiff had acquired the real estate in question from Mountrail County and that Mountrail County had acquired title to the property through tax deed proceedings. In their affidavits of merits and in their proposed answers the defendants specifically deny that the plaintiff is the owner in fee simple of the property described in the complaint. They allege on the contrary that they are the owners of the oil, gas and mineral rights of the premises described in the complaint. Their claim of ownership of the oil, gas and minerals is based upon a lease covering the premises described in the complaint which lease it is alleged was recorded in the office of the register of deeds of Mountrail County, North Dakota on April 8, 1926 at 9:00 A. M., in Book 234, page 97 and that said oil, and gas lease is still in force and effect. The affidavits and the proposed answers allege that the claim of the plaintiff in and to the real property described in the complaint is based upon a purported tax deed from Mountrail County but that said tax deed is wholly defective and void insofar as it purports to affect the oil, gas and minerals of the lands described in the complaint for the reason that the oil, gas and mineral rights in and to said premises were severed by the former owners of said premises in fee simple and that it became the duty of the county auditor, register of deeds and county assessors to assess for taxes, if any there be, the oil, gas and mineral rights separately from the surface or overlying strata of said premises. It is further alleged that the tax deed relied upon by the plaintiff did not affect or cover the rights of these answering defendants for the reason that no notice of expiration or the period of redemption was ever given or served upon them and that the mineral rights of the oil and gas lease were never taxed or assessed and that therefore Mountrail County, North Dakota had no jurisdiction to take any tax title against said oil and gas rights.

The defendants do not challenge the regularity of the tax deed proceedings of Mountrail County, except insofar as it is alleged that notice of expiration of period of redemption was not served upon them.

The affidavit of Walter O. Burk, Williston, North Dakota one of the attorneys for the defendants states that he has examined the records in the office of the register of deeds, in Mountrail County, North Dakota and that he believes and has advised his clients that they have a good and meritorious defense to plaintiff's cause of action; that he believes that the said tax title proceedings had by Mountrail County, North Dakota are null and void as to C. L. Stephens, Robert H. Tuttle and American Coal Briquetting Company for the reason that the mineral interests in the lands involved were severed long prior to the commencement of the tax title proceedings by Mountrail County covering the premises described in plaintiff's complaint and that said mineral interests were never taxed and consequently any tax title proceedings as far as said mineral interests were concerned were null and void.

Atwood Cranston, of Minneapolis, Minnesota, one of the attorneys for the defendants states in his affidavit that he has examined the Statutes of the State of North Dakota and the law affecting the claim of the defendants C. L. Stephens and Robert H. Tuttle and the American Coal Briquetting Company, and from his research he is of the opinion that the oil, gas and mineral rights underlying the premises described in the complaint were severed from the overlying strata. He states further that he has caused the records of Mountrail County, North Dakota to be investigated and found that the oil, gas and mineral rights were never taxed as provided by Sections 57-0224 and 57-0225, NDRC 1943. The affiant states further that he has stated to his clients that he believes that any tax title proceedings which may have been had affecting such premises are wholly void

and defective insofar as the same may affect the oil, gas and mineral rights of the defendants.

The affidavit of merits of Robert H. Tuttle as trustee of the American Coal Briquetting Company states in substance that the American Coal Briquetting Company was and is a South Dakota corporation and that the period for which it was incorporated expired on December 11, 1936. On December 11, 1936 the affiant was president and treasurer of the said corporation in addition to being a director and manager; that he was a stockholder of said company and as such he was trustee for the creditors and stockholders and members of said corporation and is empowered by the statutes of South Dakota and North Dakota to act as such trustee. That he makes this affidavit on behalf of and as trustee of said corporation, the American Coal and Briquetting Company, which corporation has never been formally dissolved. The affidavit further states that the American Coal Briquetting Company by its officers and agents filed with the register of deeds of Mountrail County, notices that the premises involved in this action has been severed as to the ownership of oil, gas and minerals below the surface and that the American Coal Briquetting Company was the owner of the oil, gas and mineral rights; that the main stockholder of the American Coal Briquetting Company, one Joseph A. Wright, died on or about December 28, 1928 and his estate was probated in the probate court of Hennepin County, Minnesota; that none of the heirs of said estate have ever received any notice of tax deed proceedings nor was service of the summons and complaint made upon them. The affiant further states that on or about February 18, 1926 the American Coal Briquetting Company executed an oil and gas lease covering the premises involved in this action, to Robert H. Tuttle and C. L. Stephens; that said lease was duly recorded in the office of the register of deeds, Mountrail County, North Dakota; that by its terms the American Coal Briquetting Company reserved a substantial interest in the oil, gas and minerals in the premises involved in this action; that the American Coal Briquetting Company has not been actively engaged in business for many years and to the best of affiant's knowledge no person connected with the American Coal Briquetting Company herein had ever received notice of any tax deed proceedings involving the property described in the complaint, but that if the American Coal Briquetting Company or its directors had been served with notice of tax deed proceedings affiant, as trustee and manager of said company, would not have thought that the interest of the American Coal Briquetting Company in said premises was affected thereby because the mineral interests had been severed, and the Statutes of North Dakota require, according to affiant's understanding, that the oil, gas and minerals be assessed separately from the surface of the land; that no assessment had ever been made by the county officials of Mountrail County. It is further stated in the affidavit that it was not until recently that affiant was advised by his attorney that it was necessary to make application to the courts for relief from any judgment entered affecting the premises described in the complaint in this action; that he has requested his attorney, Atwood Cranston of Minneapolis, Minnesota, to confer with other attorneys in North Dakota to determine what action should be taken for the protection of the interests of the American Coal Briquetting Company and that he has been advised that he should apply to the courts for an order vacating and setting aside the judgment rendered in this action so as to permit the American Coal Briquetting Company, by affiant as trustee, to take such action on such terms as the court may deem just. The affidavit of merits made by the defendant Robert H. Tuttle for himself individually recites in substance that on or about the 18th day of February, 1926 the affiant and C. L. Stephens became the owners of the oil, gas and mineral lease of the premises described in the complaint; that said lease was recorded on April 8, 1926 at 9:00 A.M., in Book 234 page 97 in the office of the register of deeds of Mountrail County, North Dakota, and that said oil

and gas lease is still in full force and effect; that the affiant and C. L. Stephens on or about July 14, 1952 assigned an undivided one-half of their interest in and to said oil and gas lease to one Harry L. Frankhanel and one Harold J. Ellsworth of Minneapolis, Minnesota; that the lessor in said oil and gas lease to affiant and C. L. Stephens was the American Coal and Briquetting Company, a South Dakota corporation, which had been qualified to do business in the State of North Dakota. The affidavit further states that an investigation of the records in the office of the register of deeds in and for Mountrail County, North Dakota discloses that the American Coal Briquetting Company and Joseph A. Wright caused to be filed notices and affidavits in the office of the register of deeds in said Mountrail County that the oil, gas and mineral rights underlying the surface of the premises described in the complaint herein had been severed from the ownership of the overlying strata. Affiant, C. L. Stephens, and Joseph A. Wright were the last directors of the American Coal Briquetting Company, and affiant has knowledge of the affairs of said company; that the American Coal Briquetting Company and all of its officers and directors never received any tax notice of taxes due by reason of ownership of oil, gas and minerals pursuant to said lease; that affiant has caused the records of Mountrail County, North Dakota to be searched, and is informed and therefore states that the premises described in the above lease were never listed for taxation as to oil, gas and other minerals as required by Section 57-0224, NDRC 1943, nor did the county auditor of Mountrail County, North Dakota furnish the assessor a description of the premises included in said lease informing the assessor that the title to the oil, gas and minerals was not in the person holding the title or fee to the overlying strata. It is further stated that this affiant is informed by his attorneys, and therefore states that the oil, gas and other mineral rights underlying the premises in said lease were never taxed by the county of Mountrail and that the taxes assessed against said premises were only levied against the overlying strata of land above the oil, gas and mineral rights. Affiant further states that he has fully and completely disclosed to his attorney, Atwood Cranston, Minneapolis, Minnesota, all of the facts of the case of which affiant has any knowledge; that said attorney Atwood Cranston has conferred with Walter O. Burk, an attorney at Williston, North Dakota, and that said Atwood Cranston has advised affiant that he and C. L. Stephens and the American Coal Briquetting Company have a good, substantial and valid defense on the merits to said action to quiet title. The affiant further states that this affidavit is made for the purpose of obtaining an order from the above named court, vacating and setting aside the judgment in said action, and permitting affiant C. L. Stephens and American Coal Briquetting Company to defend this action on the merits on such terms as may be just, and to serve and file their proposed answer attached hereto. The proposed answer of the defendants Robert H. Tuttle and C. L. Stephens denies specifically that the plaintiff is the owner in fee simple of the property described in the complaint and alleges on the contrary that these answering defendants are the owners of the oil, gas and mineral rights of the premises described therein, by virtue of an oil, gas and mineral lease covering the premises described in said entitled action, which lease was recorded in the office of the register of deeds of Mountrail County, North Dakota, on April 8, 1926 at 9:00 A.M. in Book 234, page 97, and that said oil and gas lease is still in force and effect.

The answer further alleges that the claim of the plaintiff to said described premises is based on a purported tax deed but that said tax deed is wholly defective and void insofar as it may purport to affect the oil, gas and mineral rights of the lands described in the complaint for the reason that the oil, gas and mineral rights in and to said premises were severed by the former owners of said premises in fee simple, and that the tax deed relied upon by the plaintiff did not affect the rights of these defendants. The answer

also alleges that no notice of expiration of the period of redemption was ever given or served upon the answering defendants and that the mineral rights and the oil and gas lease were never taxed or assessed and that therefore Mountrail County had no jurisdiction to take tax title to said oil and gas rights.

Judgment is then demanded that the American Coal Briquetting Company be decreed to be the owner of the mineral rights covering the property described in the complaint, subject to an oil and gas lease executed by the American Coal Briquetting Company to these answering defendants. The proposed answer of Robert H. Tuttle as trustee of the American Coal Briquetting Company is practically identical with the proposed answer of Robert H. Tuttle and C. L. Stephens.

The plaintiff contends that the district court erred in vacating the default judgment and in permitting the defendants to interpose their answers.

The first contention of the plaintiff is that the notice of motion made by the defendants is defective for the reason that it prays for an order "vacating" the default judgment. The plaintiff seeks to draw a distinction between "opening" a judgment and "vacating" a judgment. He contends that a motion to set aside or strike off a judgment must be on the ground of irregularities appearing on the face of the record, and that a motion to open a judgment is an appeal to the equitable powers of the court to let the defendant interpose a defense. It is then argued that the instant case is not one where equitable principles are involved. He then quotes Section 28–2901, NDRC 1943 which reads as follows:

"The court, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, may relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding."

The default judgment in the instant case was rendered in an action brought to determine adverse claims and quieting title in the plaintiff. The statute applicable is therefore Section 32–1713, NDRC 1943 which provides:

"A defendant in an action to determine adverse claims, proceeded against by name or as an unknown party, or his representative, on application and sufficient cause shown at any time before trial, must be allowed to defend on such terms as may be just, and any such defendant or his representatives upon good cause shown, and on such terms as may be just, may be allowed to defend after trial and within one year after the rendition of judgment therein, but not otherwise."

This is a special statute having application to actions brought to determine adverse claims of defendants proceeded against by name or as unknown parties. In the case of Hart v. Hone, 57 N.D. 590, 223 N.W. 346, 348, this court said:

"Section 8156 (now Section 32–1713) * * * applies to all cases in which judgments have been rendered by default in statutory actions to quiet title. It applies as well where a named defendant has been personally served with process as where an unknown defendant has been served by publication."

Since the judgment which it is sought to vacate was entered in an action to determine adverse claims, we think it is immaterial whether the application prayed for an order vacating the judgment or for reopening the judgment. Plaintiff's contention is therefore without merit.

Plaintiff next contends that the affidavits of merits of the defendants, and the proposed answers do not state facts sufficient to constitute a defense. It is asserted that the affidavits of merits and the answers are mere legal conclusions without any supporting facts. In support of this contention is

cited Hart v. Hone, supra; Lumsden v. Michael, N.D., 63 N.W.2d 403; and Huwe v. Singer, N.D., 63 N.W.2d 399.

The facts in the cases cited differ materially from the facts set out in the affidavits and in the proposed answers of the defendants in the instant case. In the cases of Huwe v. Singer and Lumsden v. Michael, supra, the affidavits of merits were made by the attorney for the applicants. He had no personal knowledge of the facts in the case and the affidavits were made on information and belief. No reason was assigned why the applicants themselves did not make the affidavits. The attempted showing of diligence in making the application after discovering the judgment was based on the information from one of the parties.

We have quoted in detail from the affidavits of the defendants in the instant case. They make positive statements of facts from information obtained from examination of the records of Mountrail County. Specific reference is made to an oil, gas and mineral lease to the defendants covering the land involved in this action, giving the date of filing same for record in Mountrail County. It is asserted that they were not served with notice of the expiration of the period of redemption in connection with the tax deed proceedings had by Mountrail County, and that no service was made upon them of the summons and complaint in this action. It is further stated that the defendants have fully and completely disclosed to their attorneys all of the facts of the case of which they had any knowledge. The answers of the defendants allege the facts which have been set out in the affidavits.

On application for relief from a default judgment the court will consider every fact and circumstance that has any reasonable bearing on the question whether sufficient cause has been shown why the judgment should be vacated. In such cases a party seeking to be relieved from a default judgment has the burden of showing good cause why relief should be granted.

"It is primarily a question for the trial court to determine whether the defendant has shown good cause why the judgment should be set aside and he should be permitted to defend. One of the fundamental requirements is that he make a showing that he has a meritorious defense." Hart v. Hone, 57 N.D. 590, 223 N.W. 346, 348.

The district judge who heard the motion to vacate the default judgment was of the opinion that the defendants had made sufficient showing to entitle them to relief and made his order vacating the judgment.

The defendants made their application within one year after the rendition of the default judgment as required by Section 32-1713, NDRC 1943. We are of the opinion that the defendants have alleged facts in their affidavits of merits and in their answers sufficient if proved to constitute a valid defense to plaintiff's complaint.

The order of the district court vacating the judgment is affirmed.

BURKE, C. J., and MORRIS, GRIMSON, and JOHNSON, JJ., concur.