# JOSEPH E. BAZAL v. THE ST. STANISLAUS CHURCH, a Corporation.

### (132 N. W. 212.)

**Judgment — Default — Reopening — Grounds.**

1. The mere inconvenience to a party defendant, and the mere fact that he is busy with his farm work during harvest and neglects to attend to his defense in time to prevent the entry of a default judgment, do not furnish such excuse as is contemplated by the provisions of the statute admitting the opening of judgments entered through the mistake, inadvertance, surprise, or excusable neglect of the defendant.

**Judgment — Default — Vacating — Discretion.**

2. In this case the defendant was a religious corporation. Service of summons was made upon its secretary, who neglected, by reason of the pressure of his personal affairs, to provide for a defense. The chairman of the board of trustees called a special meeting about eight days after the service of the summons and complaint, for the consideration of the controversy. Such meeting was held. It is not shown that any preparation was made for interposing a defense. *Held*, that to vacate a default decree on such a showing constitutes, in a legal sense, an abuse of discretion.

Opinion filed June 6, 1911.

Appeal from District Court, Wells County; *Burke, J.*

Action by Robert T. Roberts against the Enderlin Investment Co. et als. Judgment for defendant, Beiseker, and plaintiff appeals.

Reversed and remanded, with instructions to render judgment for the plaintiff.

*Feetham & Elton,* for appellant.

*H. C. DePuy* and *Jeff M. Myers,* for respondent.

. This case comes up on appeal from an order granting defendant's application to vacate a default judgment taken against it on the 2d day of September, 1909, in the district court of Walsh county. The action was brought by the plaintiff to recover for services as organist of the defendant's church at Warsaw, in Walsh county. Service was made on Joseph Grzadzieleski, as secretary of the defendant corporation, on the 31st day of July, 1909. The application was based upon the affidavit of such secretary, wherein he averred that he was the only person upon whom the summons and complaint were served; that serv-

ice was made on the evening of the 31st day of July, 1909, while he was in the act of unloading hay which he had brought a distance of 15 miles; and made upon his return to his farm after an absence of a week in putting up hay; that he realized that a considerable time would elapse before it would be necessary to bring the action to the attention of the defendant corporation so it might defend; and that he, being then rushed with his farm work, placed the summons and complaint in the pocket of his Sunday coat for further attention when such rush should be over; that he was a farmer, engaged in the operation of a farm of 160 acres; that such service was made on Saturday, and on the following Monday he was again compelled to return to his hayfield, and was there busily engaged for two days and a half; and that at the expiration of that time, on returning to his farm, he found his grain rapidly ripening and demanding immediate cutting; and that his crops ripened all at one time, and that he was compelled to throw himself into the work of cutting and saving the same; that when his cutting was complete, the one man he had for help left him, and from that time he was compelled to attend to his farm work and secure his crop without any help whatever; that thereupon threshing operations were begun, in which he was actively engaged until the 5th day of September, 1909, on which day he received a letter from the attorneys for the appellant announcing that they had secured judgment in said action. The secretary then asserts that it for the first time dawned upon him that the time allowed by the summons to engage counsel and defend had been rapidly slipping away; and that he thereupon immediately called the matter to the attention of the officers of the defendant corporation, who took steps to secure vacation of the judgment so entered. An affidavit of merits in due form and a proposed answer accompanied the application to vacate. We may further add that he states in his affidavit that when service was made upon him, he believed he would have an opportunity to bring the matter to the attention of the defendant corporation, but was so rushed with his haying, and so quickly and unexpectedly thrown into harvest and threshing, and perplexed and embarrassed by losing his help, that the time to answer expired before he realized that such time was nearing the end. Some affidavits were received in rebuttal of the affidavit of merits, and these resulted in a large number of affidavits, pro and con, as to the merits of the action and defense proposed. Among other affidavits submitted is one by the Rev. Stanislaus Majer, the parish priest, who is president of the board of

trustees, in which he testifies that at no time prior to September 3d, 1909, did he have knowledge that any officer of the defendant corporation had been served with process in such action, or that any action was pending against the defendant; that he came to this country in 1907, and understands English imperfectly, and can speak, read, and write the same to only a very slight extent; and that some time prior to the 3d of September, 1909, the plaintiff showed him some papers and in a general way made the statement that he had brought action to recover wages from the defendant church, but that the affiant was made to understand, and did understand, that the action referred to was a personal one against his predecessor, the Rev. B. Waldowski; and that at no time prior to September 3d, 1909, did he comprehend that any action had been brought or was pending against the defendant. In rebuttal, another affidavit of the Rev. Majer was received, in which he testifies that he was interviewed by defendant's attorneys with reference to the matter, and made statements to them of facts as to his connection with the action after the time of the issuance of the papers therein, and prior to entry of default of judgment; that such statements were made through an interpreter; and that the affidavit to which we have referred was incorrect in stating that he thought the action referred to was a personal one against the Rev. Waldowski, but that in fact he knew at the time the plaintiff talked to him, and at the time thereafter when he called a special meeting of the board of trustees, that the defendant had been sued, and that the action was against it; that his statement to the attorneys for the defendant was that he had supposed the Rev. Waldowski was handling the litigation for the defendant corporation, but that at no time did he state that he believed the litigation was against his predecessor personally; that on the 30th day of July prior to the service of the papers, plaintiff called upon him and showed him the summons and complaint and read and interpreted the same to him, and advised him that they were going to be served upon the defendant corporation; and that after the service of the papers upon the secretary of the defendant corporation, he, the said Majer, called a special meeting of the board of directors, at which the treasurer and another member were present, and informed them that said corporation had been sued, and advised them to make settlement, but that one of them insisted that it was necessary to carry it through to protect their honor; that at such time he, the affiant, was aware that said corporation had been sued and so advised both said members of said board. Other affidavits

were submitted tending to show that the secretary spent more or less time in town between the service of the summons and entry of the judgment; and that the business affairs of the church were transacted by the trustees on Sundays; and that on each of the Sundays intervening between service and judgment the secretary had been present, wearing his Sunday coat, at the church; and that meetings had been held at which business had been transacted; and further tending to show that a special meeting on the 8th of August, 1909, was called and held for the purpose of determining what action to take with reference to this suit. The statements of the priest that he was aware of the service of the papers and the pendency of the action against the church are uncontroverted, while those of other members of the board, although it does not appear that all members of the board testified that they had no knowledge of the pendency of the action, are controverted.

SPALDING, J. (After stating the facts). The motion to vacate this judgment was attempted to be brought within the terms of § 6884, Rev. Codes 1905, which provides for a court, in its discretion, relieving a party from a judgment obtained against him by his mistake, inadvertence, surprise, or excusable neglect, and the question for determination is whether the facts shown properly bring it within the terms of the statute referred to. It is elementary that the trial court, on such application, must exercise its discretion, but the discretion exercised must be a legal discretion, not an arbitrary one; it must rest upon facts in evidence before it, showing one or another of the grounds for vacating the solemn judgment of a court of record specified by the statute. The mere neglect of a defendant to employ an attorney and serve an answer, all the while knowing that suit has been brought and that an answer is required, without some sufficient and valid reason for the neglect, is no ground for vacating a judgment. Appellate courts will exercise great caution in reversing an order of a trial court vacating a default judgment, but if it clearly appears that the court was mistaken in vacating it, in a sense which amounts to an abuse of legal discretion, although it may be but a mere mistaken judgment of the extent of its discretion, it is the duty of the appellate court to reverse the order. On the affidavit of the secretary himself, it is nowhere disclosed that he forgot that the action was pending, or that he was ignorant of the fact that something would have to be done within thirty days from the date of service to protect the rights of the defendant corporation. None

of the usual excuses for failing to act are presented; nothing is disclosed as an apology for not acting, except that he was busy with his farming operations. If this is an adequate excuse, the statute permitting entry of default judgments at the expiration of thirty days after service made upon any defendant, during the different seasons when engaged in active farming operations, better be repealed, and courts ·be first required to ascertain whether it has been convenient for the defendant to give the action his attention.

There is no thrifty farmer in this state who is not busily engaged during such seasons; and not one of them could stop to secure an attorney to attend to litigation without interfering with the operations of his farm. This is not the kind of excuse which the statute contemplates as furnishing a ground for setting aside a default judgment. To recognize such an excuse would be in effect to hold that a judgment is no more binding and of no more stability than any unofficial writing or other document, and that it does not do what it is intended to do, in the absence of a valid excuse for vacating,—end a controversy. The mere inconvenience attending the engaging of an attorney to make a defense is not an adequate excuse for failure to defend. It is urged by the respondent that the decision of this court in Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102, is authority for sustaining the order appealed from in this case. We do not so consider it. We think in the opening of judgment in that case the court went as far as it is justified in going, yet the facts clearly distinguish it from the case at bar, and there are authorities sustaining the vacating of the judgment in that case. The neglect in that case was the neglect of the attorney, occasioned by his being engaged in a distant part of the state in the conduct of the defense in a trial for murder, and it was held that the defendant, having placed the whole matter in the hands of the attorney, had done all he could do, and his attorney's failure to answer, under the circumstances, and caused by his forgetfulness, constituted a surprise to the defendant, from which the court should relieve him. In the case at bar, no forgetfulness is alleged, even on the part of the party served, and he had employed no attorney. But we do not need to rest our decision upon the neglect of the secretary of the defendant corporation, because it is clearly made to appear that the president of the board of trustees was fully aware of the pendency of the action, and that a defense would have to be interposed. It, however, does not appear that it was made his duty, as such president,

to act further than authorized by the board to act. As to the knowledge of some of the other members of the board of trustees, the evidence is in conflict, while it is not shown that there were not still other members whose affidavits are not here, who knew about the suit.

Taking the evidence altogether, it is clear that no excuse is furnished justifying the vacation of the judgment. If we sustain the order vacating it, it will furnish a precedent for vacating any default judgment entered, when the only excuse is that the defendant knowingly permits judgment to be taken because it is more convenient to do so than to give it the necessary attention.

The respondent also contends that, the defendant being a corporation, its neglect occasioned by the failure of one of its officers to give the matter attention, or call it to the attention of the board, does not bring it within the general rule applicable to vacating judgments; and that this is particularly so in view of its being a religious corporation, where the negligent officers are presumably serving without compensation and only as a matter of public spirit or religious duty; and Farrar v. Consolidated Apex Min. Co. 12 S. D. 237, 80 N. W. 1079, and G. S. Congdon Hardware Co. v. Consolidated Apex Min. Co. 11 S. D. 376, 77 N. W. 1022, are cited as authorities. But there is a marked distinction between those cases and the case at bar. In those cases the service was made upon a director who appears not to have been on friendly relations with the officers of the corporation, and to have insisted that it had no defense; and it was there held that his failure to notify the corporate officials of the service upon him constituted surprise on the part of the corporation, which justified relieving it from the default judgments; but in the case at bar, as we have indicated, it is clear that the officials of the corporation had not only notice but knowledge of the pendency of the action and of the necessity of giving it attention. Hence, whether the secretary apprised them of the service of the papers or not is immaterial. The authorities mentioned are the only authorities cited by the respondent to sustain the order of the lower court, except Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, 36 Am. St. Rep. 761, 47 N. W. 955. The latter case comes much nearer being in point than either of the others, yet there is a clear distinction between it and the case at bar, and while we approve the holding of the court in that case, to the effect that the provisions of the statute referred to should be liberally construed to the end that cases may have a trial upon the merits, and justice be not denied, yet it seems to us that our

sister court was more liberal in the application of the rule of the statute than any authority which we have been able to find supports. The sympathies of a court in all matters of this kind are almost invariably enlisted in behalf of the party who seeks the relief, and this case is no exception, but still we feel that to sustain the vacation of this judgment would result in perverting the powers which are reposed in courts of record, and greatly increase and prolong litigation, rather than to terminate it. While we hesitate in such cases to overrule the judgment or discretion of the trial court, yet we feel compelled to do so in the case at bar, and hold that in a legal sense the discretion reposed in that court was abused. See Davis v. Steuben School Twp. 19 Ind. App. 694, 50 N. E. 1.

The order appealed from is reversed.

Morgan, Ch. J., not participating.