# JOHANNES v. COGHLAN.

## (137 N. W. 822.)

**Judgment — default — vacation is largely within discretion of trial court.**

1. The granting of an application to vacate a default judgment after appearance by defendant is largely within the discretion of the trial court.

**Judgment — default — meritorious defense.**

2. Such judgment will not be vacated when the defense pleaded is not meritorious; but is clearly frivolous.

**Trial — it is the duty of litigants to be present.**

3. It is the duty of litigants to watch the progress of proceedings in court, rather than of the court to accommodate its business to the convenience of a single litigant, and perhaps thereby inconvenience all other parties having business before the court, hold jurors at the expense of the public, and interfere with the orderly prosecution of its regular business.

**Appeal and error — judgment — motion to vacate — discretion of trial court.**

4. Under the showing made on application to vacate a judgment in this case it is *held*, that there was no such clear abuse of discretion on the part of the trial court in denying defendant's application as will warrant this court in reversing its order.

(Opinion filed September 23, 1912.)

Appeal by defendant from an order of the District Court for Stutsman County, *Burke*, J., denying his application for the vacation of the judgment in an action to recover damages for an assault and battery.

Affirmed.

The plaintiff brought this action against the defendant, charging him with assault and battery committed on the 11th of September, 1909, and alleges the damages as $10,000, and prays judgment accordingly. Defendant answered, which answer is as follows:

"Now comes the defendant by his attorney, F. Baldwin, of Jamestown, North Dakota, and makes answer to plaintiff's complaint.

"1. The defendant admits allegation of said complaint.

"2. The defendant denies each and every other allegation not hereinafter admitted, gratified, or explained.

"3. The defendant, for a further answer, says that during the last several years plaintiff and defendant lived in the same section of the county, and that plaintiff has been during the last four years constantly telling defendant's neighbors that he, defendant, was a thief, had stolen one of plaintiff's steers; had taken plaintiff's stallion out of plaintiff's barn and had stolen the service thereof on one of defendant's mares; that defendant had stolen potatoes and also tried to injure defendant's property by varnishing his plow so that it could not clean, and by driving defendant's stock away from home, and that he had given plaintiff warning to keep off defendant's land, and not abuse and slander him. That, notwithstanding all this, plaintiff came upon defendant's land and without permission on or about September 11, 1909, and that defendant went up to him in the presence of a number of people and said to him, "Jim, you have one coming," and gently placed his fist against plaintiff's nose, and that, after so doing, waited for plaintiff to resent said challenge, but plaintiff got off defendant's premises.

"4. That the foregoing is the act complained of; that afterwards plaintiff had defendant arrested for assault and battery before justice of the peace, J. W. Carr, and defendant plead guilty and paid a fine of $10 and costs, amounting in the whole to about $48, all of which this defendant will prove and asks for judgment for the dismissal of plaintiff's complaint and for costs."

Notice of trial was duly served upon defendant's attorney, and the action was upon the regular calendar of the December, 1909, term of the District Court for Stutsman county. It was regularly reached for trial on the 17th day of December, 1909, when plaintiff appeared in person and by his attorney, and on the failure to appear, either personally or by attorney, on the part of defendant, a jury was waived and the case tried to the court, and on the same day the court made its findings of fact and conclusions of law, and judgment entered thereon in favor of plaintiff and against the defendant in the sum of $1,500.

On the 24th day of December, 1909, defendant, having secured a new attorney, served notice of a motion for an order setting aside the judgment and reinstating such cause upon the calendar for trial. The motion was noticed upon the files and pleadings of the case and the affidavits of the defendant and one John Kelly. So far as material the

affidavit of defendant alleges that he had employed and retained one Baldwin, an attorney at law, to defend such action and appear for him at the trial thereof; that Baldwin notified defendant about the 8th of December, 1909, that he had been served with a notice of trial and that the case would come on for trial "at this term of court;" that upon receipt of such notice defendant went to Jamestown, and to the office of said Baldwin once on the day of his arrival and twice the next day, but that he was unable to find his said attorney; that defendant had at his place a large number of horses requiring his constant attention; that by reason thereof he was unable to stay longer in Jamestown, and returned to his home, situated about 14 miles therefrom, on the 9th of December, 1908; that he had no notice of the day when such action was to be tried, and relied upon Baldwin to keep him advised thereof; that from his return home, on the 9th of December, he had been ill, and a portion of the time unable to leave his house; that on the 9th of December, before returning home from Jamestown, he went to the courthouse and interviewed the clerk of the district court with reference to when said cause might be expected to be reached for trial, and was by such clerk informed that it had been entered for trial on the 4th of December, 1909, that he did not think it would come on for trial before the last of the week beginning December 13th, or until toward the latter end of the term, but that said clerk was unable to give him any accurate information as to when said cause would be tried; that he intended to be present on the 13th day of December, 1909, at the opening of court, but because of his physical condition and of the large quantity of snow, it was impossible for him to leave his home; that he had stated all the facts relative to his defense to his attorney, C. S. Buck, and had been informed by said Buck that, in his judgment, he had a good and valid defense to said action; that he, defendant, had used every means in his power to provide for the defense, and had no intention of allowing judgment to be taken against him by default; that said Baldwin failed and neglected entirely to attend the said case.

Kelly's affidavit was, in substance, that he was employed by the defendant during the month of December, 1909, and that he knew said defendant was suffering, after the 1st day of December, 1909, with a severe attack of lumbago and during a portion of the time was unable

to leave his house, and that on the 13th of December, 1909, defendant was in such physical condition that it was impossible for him to leave his house; that at the same time the weather conditions were such that it would have been impossible for him to drive to Windsor, the closest railroad point for him to go to Jamestown.

On the hearing plaintiff submitted the affidavit of one Berkland, to the effect that on the 22d of December, 1909, he was stopping at the same hotel in Jamestown at which the defendant was stopping; and that in a conversation between them defendant stated that plaintiff had obtained judgment against defendant, and that defendant remarked, "I did not think they could do that when I was not here;" that in the conversation regarding the action and judgment defendant made no statement of having been sick, nor of any reason for not being present at the trial, and that at the time when such conversation occurred defendant was in apparent good health and was a vigorous looking man.

The affidavit of one McFarland was also offered, to the effect that he was the attorney for the plaintiff; that he had at all times informed defendant and his attorney, Baldwin, that he intended to move said case for trial on the first day of the regular December term of the district court, viz., on December 13, 1909, or as soon thereafter as counsel could be heard; that he so informed defendant in person on the 26th day of November, 1909, and on the 8th or 9th of December, 1909; that on the 8th or 9th of December, he informed him in person that the case would be moved at the coming term of court, and that he also informed him of the day when the term would open; that defendant was, on said last-mentioned date, in apparent good health, and then stated to affiant in effect that he only wished he could have ten men like plaintiff around him, and he would like to take on the bunch at one time; that at such time defendant was active and a vigorous looking man, and made no complaint of his physical condition and no mention of his being unable to find his attorney, Baldwin; that plaintiff and defendant resided in the same neighborhood, about 18 miles distant from Jamestown, and that on the first day of the term of court in question plaintiff and his wife drove to Jamestown, and made the return trip to their residence on the 14th or 15th of December, 1909; that two material witnesses for plaintiff had, since the submission of said case to the court, departed to places unknown, and could not be produced at

a retrial of said action; that he informed defendant's attorney, Baldwin, on the first day of the term, that he intended to move the trial of such action, and again on the day before the action was tried he notified him that it would be moved for trial on the following day.

The affidavit of defendant's attorney, Baldwin, was also submitted, in which he stated that when he prepared defendant's answer he informed him of the date of the next term of court, *viz.,* December 13, 1909; that defendant called on him a few days afterwards and he again told him when court would convene, and promised to advise him about when his case would be reached for trial, and accordingly he wrote defendant later that the case was on the calendar and noticed for trial, and that the trial would be pushed by plaintiff's attorney at said term; that he did not see or hear from defendant again until the 18th of December, 1909; that he was at his office on the 8th and 9th days of December, 1909, or at his residence in Jamestown; that he had a telephone and telephone service in each place; that he had done and performed all acts that were in his judgment advisable to protect the interests of his client in such matter.

On these facts being presented, the trial court denied defendant's application. From this order an appeal is taken to this court.

*R. G. McFarland,* of Jamestown, for respondent.
*Knauf & Knauf,* of Jamestown, for defendant and appellant.

Spalding, Ch. J. (after stating the facts as above).

The only question for our consideration is whether we can say that the trial court abused its discretion in denying defendant's application to vacate the judgment. In deciding upon such application the trial court undoubtedly took into consideration not only the facts disclosed by the affidavits which we have recited, but the character of the answer interposed by the defendant and his own knowledge of the condition of the weather and roads at the time the trial was had. It is clear that the defendant's answer was frivolous. In effect it was an admission of the allegations of the complaint concerning the cause of action, and judgment will not be vacated when the defense pled is not meritorious. 23 Cyc. 964, note 43 and b.

The affidavits on the part of defendant are vague and uncertain in their statements as to time and as to the condition of the defendant, and

disclose no earnest effort on his part to find his counsel and secure his attendance at the trial or to be present himself. As far as appears, his counsel may have been justified in assuming that he had abandoned his defense. He had given him as definite information as is usually possible in such cases as to the day when the case could be reached for trial. It was then defendant's duty to be present, particularly when he lived 18 miles from the county seat. It is the duty of litigants to watch the progress of proceedings in court, rather than of the court to accommodate its business to the convenience of a single litigant and perhaps thereby inconvenience all other parties having business before the court, hold jurors at the expense of the public, and interfere with the orderly prosecution of its regular business.

The departure of two material witnesses for the plaintiff for points unknown, between the trial and the hearing of the motion, was a proper circumstance for the court to take into consideration. The necessity for their presence after the trial and entry of judgment could not be anticipated by the plaintiff, and their absence might seriously prejudice his cause.

There was no such clear abuse of discretion on the part of the trial court in denying defendant's motion to vacate the judgment as will warrant this court in reversing the order. See Bazal v. St. Stanislaus Church, 21 N. D. 602, 132 N. W. 212; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228; Cline v. Duffy, 20 N. D. 525, 129 N. W. 75, and authorities cited in such cases.

The order of the trial court is affirmed.

BURKE, J., being disqualified, did not participate.