**BASIN ELECTRIC POWER COOPERA-
TIVE, Plaintiff and Appellee,**

v.

**Ernest R. LANG, and Rosemary Lang,
Defendants and Appellants.**

**Civ. No. 8992.**

Supreme Court of North Dakota.

Aug. 30, 1974.

Rehearing Denied Sept. 16, 1974.

Ernest R. Lang, pro se, and for defendant and appellant, Rosemary Lang.

Bair, Brown & Kautzmann, Mandan, for plaintiff and appellee.

DOUGLAS B. HEEN, District Judge.

Defendants Ernest R. and Rosemary Lang have appealed a district court judgment in eminent domain whereby the defendants were awarded damages for an easement taken by the plaintiff across certain lands owned by the defendants in Burleigh County. Mr. Lang is serving as attorney for himself and for his wife.

Service of the summons and complaint upon the defendants was made on December 21, 1971. A demand for jury trial was endorsed on the complaint. In March 1972, Mr. Lang appeared at the office of

the plaintiff's attorney and entered into damage negotiations which proved fruitless.

A note of issue was filed by the plaintiff on May 5, 1972, and the case was reached for trial at the March 1973 term of district court. The defendants at this time had not interposed any answer to the plaintiff's complaint. Section 32–15–17, N.D.C.C., permits an eminent domain action to be brought on for trial despite absence of an answer by a defendant upon service on such a nonanswering defendant of a seven-day notice of trial which must specify the date of trial as fixed by court order.

A notice of trial which sets forth that trial of the case would be held on March 27, 1973, was signed by the clerk of court and, by that official, was forwarded by certified mail addressed to Mrs. Rosemary Lang. The return receipt of this certified mailing bears Mrs. Lang's signature and acknowledges delivery to her of the notice on March 15, 1973. No return receipt bearing Mr. Lang's signature acknowledging delivery to him of the notice of trial appears in the record.

Trial of the case was not had on March 27, but was postponed because of illness of court officials and resignation of the court reporter. Mr. Lang was more than somewhat critical of lack of notice to him of the postponement although there is some indication in the record that neither of the defendants at the appointed time appeared for trial.

The presiding judge by letter dated May 7, 1973, directed the clerk of court to notify Attorneys (Robert) Vogel and (Alfred C.) Schultz, and "any other parties" involved, that a jury had been ordered to report on May 29, 1973, for trial of the case. Mr. Schultz' connection with the proceedings is not clear because he had made no formal appearance in the action but apparently the court was under the impression that he somehow was concerned as counsel in the proceeding.

Although no formal order was executed by the trial court, pursuant to the court's letter, the clerk of court, on May 22, and again on May 24, by letter, attempted to notify Mr. Lang of the May 29 trial date. These purported notices were sent by certified mail addressed to Ernest R. Lang. According to the defendants, they had not picked up their mail for a week and such notices were not received by Mr. Lang until the evening of May 29, the day of the trial. No notice of this trial date was mailed or given to Mrs. Lang.

On May 29 the plaintiff appeared by counsel. No appearance was made by either of the defendants personally or by counsel. The file of the case disclosed that neither of the defendants had filed or served an answer to the plaintiff's complaint. Thereupon, the plaintiff's attorney orally waived jury trial and proceeded to try the case to the court, the case being regarded as a default matter. Evidence of necessity for the easement, the extent of servitude and of damages occasioned by the taking were adduced. Judgment was entered awarding the defendants $1100 and authorizing entry by the plaintiff upon the premises for construction of an electrical transmission line.

Thereafter, the defendants engaged counsel, Mr. Schultz being a member of that firm, and at a hearing on June 26, 1973, moved to vacate the May 29, 1973, judgment on the grounds of mistake, inadvertence, excusable neglect and insufficient notice of the date of trial. Apparently differing with their attorneys on trial strategy, the defendants discharged their lawyers on October 1, 1973, and thereafter, including the appeal to this Court, Mr. Lang has represented his wife and himself.

On October 16, 1973, the trial court issued a memorandum opinion denying the defendants' motion to vacate the judgment of May 29, 1973, but increasing damages awarded the defendants by that judgment from $1100 to $3280. $2300 of the latter sum was designated as severance damage

and the remaining $980 as damage for the property taken by the plaintiff. An *Amended Judgment and Order of Possession* conforming to this modification was filed on October 29, 1973. The defendants' notice of appeal in this case, however, states that this appeal is taken "from the JUDGMENT entered in this action on the 25th day of October, 1973, with Notice of Entry of Judgment received on October 28, 1973." We assume, since there was no other judgment filed in October of 1973, that this appeal is taken from the judgment of October 29, 1973.

Six days later, on November 5, 1973, the trial court on its own initiative reconsidered and granted the defendants the alternative of accepting damages as previously assessed at $3280 or having a new trial on damages only, which issue would be submitted to a jury. This order issued, according to the trial court's *Memorandum Decision and Order for a New Trial*, under the authority of Rule 59(i), N.D.R. Civ.P., which deals with the award of a new trial on the court's own initiative. In conditionally granting the defendants a new jury trial, the district court assigned insufficiency of the evidence to justify the verdict, errors in law occurring at the trial with respect to non-appearance of the defendants or their counsel, and the interest of justice, as grounds for the granting of the new trial as to damages only.

The question of necessity was not raised in the trial court. Only in oral argument in this court on appeal did the defendant, Ernest R. Lang, raise necessity as an issue.

It is one of the primary complaints of the defendants that their case was brought on for trial without notice to them of the trial date. Ordinarily, as stated in Johannes v. Coghlan, 23 N.D. 588, 137 N.W. 822 (1912), at page 824:

"It is the duty of litigants to watch the progress of proceedings in court, rather than of the court to accommodate its business to the convenience of a single litigant, and, perhaps, thereby inconvenience all other parties having business before the court, hold jurors at the expense of the public, and interfere with the orderly prosecution of its regular business."

However, by specific provision having application to eminent domain actions, § 32–15–17, N.D.C.C., provides, in pertinent part:

". . . If issue is not joined prior to the commencement of any regular, special, or adjourned term, the plaintiff nevertheless may require said cause to be tried on such day thereof as the court may order, but plaintiff shall serve upon the opposite party, or parties, a seven days' notice of trial, specifying the date of trial, as fixed by order of the court."

The proofs of service of the notice of March 27, 1973, trial date have been examined, and it is evident that the proof of such service upon defendant Ernest R. Lang is unsatisfactory.

Trial on March 27 was postponed and later set for May 29, 1973, a date during the May 1973 jury term of district court for Burleigh County. At this time, the defendants had not served or filed an answer, or answers, to the plaintiff's complaint, and it follows that issue had not been joined. On May 22, and again on May 24, the clerk of court forwarded notice of the trial date by certified mail to Mr. Lang only. Mrs. Lang was not so notified. It is our view, notwithstanding the attempted service of the notice of trial by the clerk of court, that the failure to comply with the provisions of § 32–15–17, N. D.C.C., is jurisdictional as to both Mr. and Mrs. Lang. If it were to be argued that the Langs waived the jurisdiction over their persons by their appearance in connection with their motion to vacate the judgment, the result would be the same in that it is our opinion that the trial court erred in not granting the motion to vacate the judgment under Rule 60(b), N.D.R. Civ.P.

For reasons stated in this opinion the judgment of the trial court of October 29, 1973, and all orders thereafter issued herein by the Honorable Hamilton E. Englert are vacated and a new trial is granted as to all issues. The case is remanded for proceedings not inconsistent with this opinion.

ERICKSTAD, C. J., and PAULSON and KNUDSON, JJ., concur.

ROBERT VOGEL, J., deeming himself disqualified did not participate; DOUGLAS B. HEEN, Judge of the Second Judicial District, sitting in his place.

OBERT C. TEIGEN, J., retired from the Court as of July 1, 1974.

ON PETITION FOR REHEARING

DOUGLAS B. HEEN, District Judge.

The Petition for Rehearing filed by Basin Electric Power Cooperative with this Court on September 12, 1974, is hereby denied.

Pending the new trial on all issues (the necessity of the taking of the land and the compensation therefor) the proceedings to be presided over by the Honorable Norbert J. Muggli, District Judge, assigned by this Court on the 11th day of September, 1974, the defendants Ernest R. Lang and Rosemary Lang are restrained from removing any and all structures presently placed on their land by Basin Electric Power Cooperative pursuant to past orders of the District Court, and they are further restrained from interfering with the maintenance thereof by Basin Electric Power Cooperative.

ERICKSTAD, C. J., and KNUDSON and PAULSON, JJ., concur.