**WILLIAM CLAIRMONT, INC.,**
**Plaintiff-Appellee,**

v.

**BURLINGTON NORTHERN, INC.,**
**Defendant-Appellant.**

**Civ. No. 9071.**

Supreme Court of North Dakota.

April 24, 1975.

Conmy, Feste & Bossart, Ltd., Fargo, for defendant-appellant, argued by E. T. Conmy, Jr., Fargo.

Richard P. Rausch, Bismarck, for plaintiff-appellee.

PEDERSON, Justice.

## CASE SUMMARY

This is an appeal by the defendant, Burlington Northern, Inc., from the whole of a "Judgment on Vacation" entered by the district court of Burleigh County, granting Burlington Northern's motion, under Rule 60(b), N.D.R.Civ.P., for relief from a judgment previously entered in the absence of Burlington Northern. Neither the merits of Clairmont's claim (because there is no judgment on the merits) nor the merits of Burlington Northern's motion (because the motion was granted) are before us for decision. There is no cross-appeal by Clairmont. Burlington Northern claims that the terms imposed in vacating the judgment deprive it of due process.

Appeal is dismissed.

## FACTS

Clairmont instituted this suit against Burlington Northern to recover $7,019.16 for costs to repair structural steel pipe or steel plate damaged during shipment to Clairmont, as consignee, at Glendive, Montana, where Clairmont had a highway construction contract with the Montana State Highway Department. Burlington Northern answered, alleging that the bill of lading imposed a condition precedent which required the filing of a written claim within nine months of delivery. The parties stipulated that Clairmont did not file a written claim within nine months of delivery.

Depositions were taken and everything indicates that Burlington Northern believed it had a meritorious defense and that it intended to defend.

The case was duly calendared and ultimately was set for trial at 9:30 a. m. on June 28, 1974. On that date Clairmont appeared with its counsel and witnesses. No one appeared for Burlington Northern.

The court, apparently proceeding pursuant to Rule 40(c), N.D.R.Civ.P., directed Clairmont to proceed to introduce its evidence and, without further notice to Burlington Northern, a judgment was entered for Clairmont and against Burlington Northern in the sum of $7,019.16, plus interest in the sum of $143.50 and costs taxed and allowed in the sum of $132.50, making a total judgment in the sum of $7,295.16.

Thereafter Burlington Northern, upon affidavit of its counsel, moved under Rule 60(b), N.D.R.Civ.P., that the court reopen the case and vacate the judgment on the grounds that: (1) Burlington Northern received no notice that the case was set for trial on June 28, 1974; (2) Burlington Northern's failure to appear was because of mistake, inadvertence, surprise or excusable neglect; and (3) Clairmont failed to comply with Rule 55(a)(3), N.D.R.Civ.P., which requires eight days' notice before application for entry of a default judgment.

A counter affidavit was submitted by Clairmont's counsel. From the affidavits and the attachments thereto, it appears that Burlington Northern's failure to appear at the trial may have been caused by inadvertence or misinformation on the part of the clerk of the district court.

The motion was heard by the district court on August 28, 1974, resulting in the entry of an "Order Vacating Judgment with Provisions" and the following "Judgment on Vacation":

"The motion of defendant to vacate the judgment rendered and entered by this court on the 8th day of July, 1974, having come on for hearing before this court on the 28th day of August, 1974, with E. T. Conmy, Jr. of Fargo, North Dakota, appearing on behalf of the defendant, and Richard P. Rausch of Bismarck, North Dakota, appearing on behalf of plaintiff, and the court having heard the motion so presented with the return of the plaintiff thereto and having considered the affidavits, briefs, and argument of counsel, together with the files and records of the proceedings had herein, and being fully advised in the premises and the court believing that the said judgment should be vacated upon the following terms which the court in the exercise of its discretion finds to be proper and reasonable under the circumstances,

"NOW, THEREFORE, pursuant to the said order and upon the files, records and proceedings herein,

"IT IS ORDERED, ADJUDGED AND DETERMINED:

"I.

"That the judgment rendered and entered on the 8th day of July, 1974, be and the same is vacated.

"II.

"That the defendant, Burlington Northern, Inc., shall be allowed to present its defense in the matter.

"III.

"That the plaintiff, William Clairmont, Inc., shall not be required to present its witnesses and the testimony adduced at the trial of the matter held on the 28th day of June, 1974, shall be considered and remain a part of the record.

"IV.

"That in the event defendant should desire to call any of the witnesses who have previously testified on behalf of plaintiff, it shall be necessary for defendant to subpoena such witnesses and to pay for all of the costs which may be incurred to and from the City of Bismarck from whatever point they may be located. Plaintiff shall have the right to call witnesses for rebuttal at its discretion.

"V.

"Defendant, Burlington Northern, Inc., shall pay costs in the sum of Six Hundred Dollars ($600.00) for the expenses incurred in the prior presentation of the matter to this court, including application to attorney's fees."

## ISSUES

The parties present some differences in their statements of the issues. Appellant Burlington Northern states the issues as:

1. Does the trial court's order of August 29, 1974, and judgment entered pursuant thereto, constitute a final judgment such that an appeal will lie therefrom?

2. Did the trial court err in conditioning the vacation upon retention of plaintiff's case, upon requiring defendant to produce plaintiff's witnesses at defendant's expense, and upon payment by defendant of $600.00 in costs and fees?

3. Was defendant entitled to eight days' notice prior to an application for default judgment?

Appellee states that the issues are:

1. What is the responsibility of counsel in an action which is at issue?

2. Did the lower court abuse its judgment and discretion in vacating the judgment upon terms?

3. Is the order of the trial court appealable?

█ We conclude that because of our disposition of the issue as to whether the "Judgment on Vacation" may or may not be appealed to this court, it is unnecessary for us to consider the other matters presented. Nevertheless, since other issues which were raised, fully briefed and argued will likely arise on a retrial, we will consider them.

### DECISION

#### I.

█ Although not supported by numerous holdings, it must be regarded as law of this State that an order or judgment absolutely vacating a judgment previously entered, leaving an action pending below, is purely interlocutory and is not appealable. Trautman v. Keystone Development Corporation, 156 N.W.2d 817 (N.D.1968).

█ The order or judgment in this case absolutely and unconditionally vacated the judgment previously entered. The vacation was not conditional or on terms, in that sense. In the sense that terms are imposed by the trial court's order, they operate as rules restricting proceedings on the retrial. When a judgment has been vacated and a retrial ordered with restrictions, the validity of such restrictions will be determined only upon appeal from the final judgment. See 8 A.L.R.3d 1269.

Burlington Northern refers us to the 1966 holding of the United States Court of Appeals for the District of Columbia Circuit in the case of Thorpe v. Thorpe, 124 U.S.App. D.C. 299, 364 F.2d 692, wherein the order of vacation was on condition that the defendant deposit double the amount of the default judgment. Without commenting on appealability, the court found that the condition imposed was unusual and unprecedented, and remanded the matter to the trial court for findings which would justify the imposition of such extraordinary conditions.

If, as indicated by the *Thorpe* decision, compliance with the condition is impossible, a serious question is raised having an aura of denial of due process, presumably because the litigant would be denied a right to a trial on the merits.

No such question is before us in this case. Without fulfilling any conditions precedent, Burlington Northern is entitled to a trial on the merits pursuant to the "Order of Vacation". Should its right to cross-examine Clairmont's witnesses be denied during the retrial, this court would consider that question as reviewable upon an appeal from the final judgment.

#### II.

Although the foregoing discussion disposes of the case, as we hereinbefore said, we will consider certain other issues raised by the parties, since they were fully briefed and argued and are likely to arise on a retrial.

Strict adherence to the conditions recited in the trial court's order may deprive Burlington Northern of the opportunity of cross-examining certain Montana witnesses who are not subject to the court's subpoena powers. This court sought and obtained

from counsel for Clairmont a stipulation that depositions may be used at the retrial as evidence. If, upon retrial, neither the subpoena power nor depositions can be used to preserve Burlington Northern's rights, it will be the duty of the trial court to devise suitable remedies.

■ Any local rule or practice which may lead lawyers to rely upon communications from the office of the clerk of court should be re-examined for the purpose of eliminating, if possible, a recurrence of a default chargeable to the court personnel.

■ However, without implying any criticism of the attorney for the defendant, since there is no way to impose costs on the State in this case, and since there is no statutory duty on the part of the clerk to keep attorneys notified as to trial, the court must decide which of two innocent parties shall bear the burden of the clerk's failure. In making this choice the court should invoke the rule announced by this court in 1912 in Johannes v. Coghlan, 23 N.D. 588, 593, 137 N.W. 822, 824, that:

"It is the duty of litigants to watch the progress of proceedings in court, rather than of the court to accommodate its business to the convenience of a single litigant, and, perhaps, thereby inconvenience all other parties having business before the court, hold jurors at the expense of the public, and interfere with the orderly prosecution of its regular business."

This principle was recently reaffirmed in Basin Electric Power Cooperative v. Lang, 221 N.W.2d 719 (N.D.1974).

■ Since it is discretionary with the trial court whether to reopen the case at all (see Johannes v. Coghlan, *supra* ), and since the costs assessed by the trial court in the reopening of the judgment are roughly equivalent to the additional expenses of the plaintiff, now that a second trial has become necessary, we find that the trial court made a fair adjustment of conflicting interests in a difficult situation.

Although the appellant was not prejudiced by the erroneous interpretation of the rules when the trial court granted the new trial on other grounds, the argument raised a question as to a possible inconsistency between Rules 40(c) and 55(a)(3), N.D.R. Civ.P. Rule 40(c) states:

"Either party, when the case is reached upon the calendar and in the absence of the adverse party, unless the court for good cause otherwise directs, may proceed with his case, and take a dismissal of the complaint, or a verdict, or judgment as the case may require."

Rule 55(a)(3) reads, in part, as follows:

"If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least eight days prior to the hearing on such application."

■ The rules must be interpreted as compatible with each other whenever possible. We believe that Rule 40(c) authorizes a party to proceed with his case in the absence of the adverse party but it does not authorize the entry of a judgment by default without compliance with the eight-day notice requirement in Rule 55(a)(3), where the party has appeared. See 6 Moore's Federal Practice, Rule 55, p. 55–55, and 10 Wright and Miller, Federal Practice and Procedure, § 2687, at 274.

We express no comment on the subject of whether the "Judgment on Vacation" was properly labeled.

For reasons stated herein, the appeal is dismissed and the case is remanded for trial, with instructions to the trial court to proceed in accordance herewith.

ERICKSTAD, C. J., and VOGEL, PAULSON and SAND, JJ., concur.