Ernest R. **LANG and Rosemary Lang,**
**Plaintiffs and Appellants,**

v.

**BASIN ELECTRIC POWER COOPERA-**
**TIVE, Defendant and Appellee.**

Civ. No. 8992A.

Supreme Court of North Dakota.

Jan. 8, 1979.

Rehearing Denied Feb. 1, 1979.

Joseph A. Vogel, Jr., Mandan, for plaintiffs and appellants.

Bruce B. Bair, of Bair, Brown & Kautzmann, Mandan, for defendant and appellee.

VANDE WALLE, Justice.

Ernest and Rosemary Lang ("Langs") sued Basin Electric Power Cooperative ("Basin") in the district court, alleging that Basin trespassed upon their land and falsely imprisoned Ernest Lang. Here, the Langs appeal from the district court's summary judgment entered against them and in favor of Basin. We affirm the summary judgment of the district court.

### FACTS

This controversy arises from Basin's attempt, ultimately successful, to obtain an easement for the construction and maintenance of a power transmission line over land belonging to the Langs. After fruitless negotiations with Mr. Lang concerning this easement, on December 17, 1971, Basin initiated condemnation proceedings against the Langs for its acquisition by serving a summons and complaint. The summons and complaint were properly served upon the Langs. The Langs did not file an answer, but communicated with Basin about the easement on divers occasions. On May 29, 1973, with the Langs present neither in person nor by attorney, Judge Hamilton E. Englert conducted a hearing on the matter. On the same date, Judge Englert entered a judgment and order of possession, which granted to Basin possession of the easement three days after service of the order, and ordered Basin to pay $1,100 to Mr. Lang. A deputy sheriff served this order upon Mr. Lang on May 29, 1973.

In early June, Basin attempted to begin construction of the transmission line on the Langs' property, but was asked to leave the property by the Langs' son. Basin complied with this request. Upon motion by Basin, Judge Alfred A. Thompson entered an order to show cause dated June 5, 1973, which in pertinent part restrained and enjoined the Langs from engaging in acts that would interfere with Basin's "immediate taking of

possession of such land as is necessary for the building of said power line." On June 6, 1973, despite being served with a copy of this order to show cause, Mr. Lang, in violation of the order, ordered Basin to leave his land. Mr. Lang's disobedience of the order caused a deputy sheriff to arrest him. Consequently, Judge Thompson entered a writ of attachment for contempt, dated June 6, 1973, and conducted civil contempt proceedings against Mr. Lang. In his findings and order, announced on June 6 and dated June 8, 1973, Judge Thompson found Mr. Lang guilty of civil contempt, fined him $100, and sentenced him to fifteen days in jail. Judge Thompson, however, suspended these penalties for six months to enable Mr. Lang "to purge himself of such contempt."

On June 7, 1973, Mr. Lang hired Attorney Floyd B. Sperry to represent him. Mr. Sperry immediately filed a motion to vacate the judgment and order of possession issued by Judge Englert on May 29, 1973. After a hearing on June 26, 1973, at which he took the matter under advisement, Judge Englert denied the motion in an order dated October 29, 1973, but at the same time, in an amended judgment and order of possession, increased the award for damages from $1,100 to $3,280. Finally, on November 5, 1973, upon his own motion, Judge Englert filed a memorandum decision and order granting the Langs a new trial on the issue of damages and just compensation.

After the events in early June resulting in the civil contempt proceedings, Basin refrained from further work on the transmission lines until September, 1973. In late September and early October, a series of incidents occurred similar to those of early June. On September 27, 1973, Rosemary Lang requested that a construction crew, which carried steel transmission towers for installation on the easement, leave the Langs' property. On October 1, 1973, Mr. Lang, driving a tractor equipped with a farmhand loader, pushed together two vehicles belonging to members of the installation crew. Mr. Lang thereupon was arrested and subsequently charged with disturbing the peace and disorderly conduct. After posting bond, he was released. On Oc-

tober 2, 1973, in another attempt to block the construction crew's entrance, Rosemary Lang and the Langs' son parked two "diggers" in front of the gates leading to their property. On the same date, again to prevent the crew's entrance, Mr. Lang parked a "semi" on the section line running through the property.

These incidents culminated in the filing of an affidavit of contempt, dated October 23, 1973, and signed by Deputy Sheriff Clifford Jacobson, to support a request for revocation of the order suspending imposition of the earlier civil contempt sentence. Judge Thompson issued an order to show cause dated October 25, 1973, on the issue of civil contempt. After several postponements owing to Mr. Lang's inability to obtain counsel, Judge Thompson held a contempt proceeding on December 31, 1973. Mr. Lang appeared without an attorney. Judge Thompson announced that he was revoking suspension of the civil contempt sentence, which was initially entered on June 6, 1973, and entered this order on January 2, 1974. At the same hearing, Judge Thompson found Mr. Lang guilty of criminal contempt of court for his part in the October 1, 1973, incident. For this violation Judge Thompson fined Mr. Lang $500, sentenced him to thirty days in jail, but suspended both the fine and sentence for six months upon Mr. Lang's good behavior, and entered his findings and order on January 4, 1974. In a subsequent order, dated January 28, 1974, Judge Thompson reduced Mr. Lang's civil contempt sentence to seven days on a motion by Alfred C. Schultz, an attorney employed by Mr. Lang.

In December, 1973, the Langs filed with this court an appeal of the amended judgment and order of possession issued by Judge Englert on October 29, 1973. That appeal was argued on May 6, 1974. On August 30, 1974, this court ordered a new eminent-domain trial because, in the initial proceeding, Basin failed to give notice of trial to the Langs in accordance with Section 32--15–17, N.D.C.C. See *Basin Electric Power Cooperative v. Lang,* 221 N.W.2d 719 (N.D.1974). Subsequently, Judge Norbert

J. Muggli, whom the Supreme Court designated to preside over the new trial, conducted a further eminent-domain proceeding that resulted in an award to the Langs of $4,300 as just compensation and a final order of condemnation which was entered on July 18, 1975. This order was not appealed.

On October 13, 1975, the Langs filed in the district court a tort action upon which they predicate this appeal. After discovery, Basin moved for summary judgment. Judge Eugene A. Burdick granted Basin's motion for summary judgment and dismissed the Langs' action with prejudice. Judge Burdick held, in essence, that although this court found the original condemnation proceedings herein involved to be erroneous [*Basin Electric Power Cooperative v. Lang,* 221 N.W.2d 719 (N.D.1974)], the Supreme Court's decision merely rendered those proceedings voidable, not void. This meant that Basin continued to hold possessory rights in the Langs' property until the judgment was reversed. Basin therefore lawfully entered upon the Langs' property and committed no tort.

## DECISION

Mr. Lang, found in both civil and criminal contempt for having violated orders of the district court, and Mrs. Lang base their complaint for trespass and false arrest in this action on the following language of this court in *Basin Electric Power Cooperative v. Lang, supra,* 221 N.W.2d at 721:

"Trial on March 27 was postponed and later set for May 29, 1973, a date during the May 1973 jury term of district court for Burleigh County. At this time, the defendants had not served or filed an answer, or answers, to the plaintiff's complaint, and it follows that issue had not been joined. On May 22, and again on May 24, the clerk of court forwarded notice of the trial date by certified mail to Mr. Lang only. Mrs. Lang was not so notified. It is our view, notwithstanding the attempted service of the notice of trial by the clerk of court, that the failure to comply with the provisions of § 32–15–

17, N.D.C.C., is jurisdictional as to both Mr. and Mrs. Lang. If it were to be argued that the Langs waived the jurisdiction over their persons by their appearance in connection with their motion to vacate the judgment, the result would be the same in that it is our opinion that the trial court erred in not granting the motion to vacate the judgment under Rule 60(b), N.D.R.Civ.P."

This statement, the Langs argue, necessarily leads to the conclusion that the order of possession of the district court on May 29, 1973, was void, and therefore any orders of the district court resulting therefrom, including the contempt orders, are also void. They further argue that since the contempt orders are void, Basin, which caused these orders to be issued, is liable for false arrest and, since the order of possession is void, also liable for trespass.

*Basin Electric Power Cooperative v. Lang, supra,* concerned the taking of the property and the damages for such taking. In that case this court noted that the issue of necessity was not raised in the trial court and that only in oral argument in this court on appeal did the defendant Mr. Lang raise that issue. 221 N.W.2d at 721. However, this court did order that the judgment of the trial court of October 29, 1973, and all orders thereafter issued by Judge Englert be vacated, and granted a new trial as to all issues. This court did not set aside Judge Englert's previous orders, including the order of possession of May 29, 1973, nor did it consider or set aside any of Judge Thompson's contempt orders which provide the basis for the complaint the Langs filed against Basin in this case. The decision of this court in *Basin Electric Power Cooperative v. Lang* is therefore not directly concerned with the issues in this case and, construing the decision most favorably for the Langs, can at best be considered a collateral basis for the Langs' position in this case.

Both the Langs and Basin have cited several authorities to this court on the issue of void versus voidable judgments and the difference between them. If we were here

again concerned with the ultimate validity of the original taking of the property, those cases would be persuasive and would, we believe, sustain the Langs' position that the taking was not proper. But that is the issue which was decided in the previous case involving these parties. In this instance we are concerned with an action based in tort. Since it is the previous decision of this court that serves as the basis of the Langs' position in this case, we need to examine the language of that decision to determine the exact nature of the conclusion.

In *Basin Electric Power Cooperative v. Lang* this court stated that notwithstanding the attempted service of the notice of trial by the clerk of court, the failure to comply with the provisions of Section 32–15–17, N.D.C.C., was "jurisdictional as to both Mr. and Mrs. Lang." 221 N.W.2d at 721.

In *Schillerstrom v. Schillerstrom*, 75 N.D. 667, 32 N.W.2d 106 (N.D.1948), this court discussed what the term "jurisdiction" meant. In that case the trial court had vacated the judgment in a divorce action for want of "jurisdiction" because of the lack of requisite residence of the parties. In defining the term "jurisdiction" this court noted that the terms "lack of jurisdiction," "want of jurisdiction," and "without jurisdiction" have at times been loosely used to convey the idea of error in rendering a decision. 75 N.D. at 695, 32 N.W.2d at 120. The court quoted with approval the statement from *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399, 5 L.Ed. 257, 290 (1821), that "'It is a maxim not to be disregarded that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used.'" 75 N.D. at 696, 32 N.W.2d at 121. This court found that three elements are necessary for a court to acquire jurisdiction and stated:

"What is 'jurisdiction' in the strict sense of that term? By jurisdiction is meant authority which a court has to decide matters that are litigated before it or to take cognizance of matters presented in a formal way for its decision. Jurisdiction is the power to hear and determine a cause of action. It does not de-

pend upon the correctness of the decision made. A court which has jurisdiction over a cause, and the parties thereto, does not lose jurisdiction because it makes a mistake in determining either the facts or law or both. [Citations omitted.] Jurisdiction relates to the power of the tribunal, and not the rights of the parties. The test of the jurisdiction of a court is whether or not it had power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong. If a court acts in the exercise of its lawful jurisdiction, and not in excess of such jurisdiction, the mere fact that its conclusion is wrong does not make its action an excess of jurisdiction. [Citations omitted.] To obtain jurisdiction of a cause, three things are essential: (a) Jurisdiction of the subject matter; (b) jurisdiction of the person; and (c) the power and authority to render the particular judgment. [Citation omitted.]" 75 N.D. at 698–699, 32 N.W.2d at 122.

 In this case it is not questioned that the district court has the authority to hear eminent-domain matters pursuant to Chapter 32–15, N.D.C.C. Neither is there any question that the summons and complaint were properly served upon the Langs, the court thereby acquiring jurisdiction over the Langs. While the Langs may argue that the third requirement for jurisdiction, i. e., that the power and authority to render the particular judgment is not present, an examination of the record reveals that the trial court erred in the original proceedings in entering an order of possession absent the service upon the Langs of the notice required by Section 32–15–17. Such a requirement is obviously one of the "rights of the parties." This court said in *Schillerstrom* that jurisdiction relates to the power of the tribunal and not to the rights of the parties. Here, the trial court's error, as determined in *Basin Electric Power Cooperative v. Lang,* did not divest it of the authority to render the judgment.

But we need not rely solely on *Schillerstrom* to determine the meaning of the deci-

sion in *Basin Electric Power Cooperative v. Lang.* The decision itself reveals what the court meant ·by the use of the term "jurisdictional."

This court held that the trial court erred in not granting the Langs' motion to vacate the judgment under Rule 60(b), N.D.R. Civ.P., which provides:

"Mistakes — Inadvertence — Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment or order was entered in the action or proceeding. *A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.* Leave to make the motion need not be obtained from any appellate court except during such time as an appeal from the judgment is actually pending before such court. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Rule · 4(g)(8) of these rules, or to set aside a judgment for· fraud upon the court.

Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, *and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent* action." [Emphasis supplied.]

■ The Langs, on June 7, 1973, took action pursuant to Rule 60(b), N.D.R.Civ.P., to relieve themselves from the May 29, 1973, judgment. Such action was not taken until after the initial contempt citations herein complained of were issued. In *Basin Electric Power Cooperative v. Lang,* this court held that the motion filed· pursuant to this rule should have been granted. The rule, however, specifically provides that a motion thereunder does not affect the finality of a judgment or suspend its operation. Therefore, the judgment was in force and effect during the time in which the motion to vacate the judgment and order of possession was under consideration. Our subsequent determination that the motion to vacate the judgment and order of possession should have been granted cannot affect the contempt orders issued by Judge Thompson prior to the filing and determination of such motion. A contrary conclusion would ignore the plain terms of Rule 60(b), N.D.R. Civ.P. The rule applies even to judgments that are void.

■ We believe the specific purpose of Rule 60(b), N.D.R.Civ.P., is to permit a party· to move to set aside the judgment for the reasons stated in the rule but at the same time to require the parties to abide by the order of the court issued during the pendency of such a motion. Such a result is the only logical interpretation of the rule. Were we to reach any other conclusion in this case, chaos would result in that court orders could be ignored with impunity until such time as the parties had exhausted all appeals and a final decision of the final appellate court had been announced.*

* See, e. g., *Walker v. City of Birmingham*, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967).

On petition for rehearing in *Basin Electric Power Cooperative v. Lang* this court restrained the Langs, pending the new trial on all issues including the necessity of the taking of the land and the compensation therefor, from removing any and all structures presently placed on their land by Basin pursuant to past orders of the district court, and further restrained them from interfering with the maintenance thereof by Basin. Had this court considered all previous proceedings and orders void, that procedure would have been unusual.

■ The Langs also contend, however, that regardless of whether the judgment of May 29, 1973, is void or voidable, Basin was negligent in its failure to follow Section 32–15–17, N.D.C.C., and such negligence was the proximate cause of all injuries suffered by them. This argument ignores the fact that the injuries of which the Langs complain were suffered directly as a result of Mr. Lang's refusal to abide by the orders of the district court. In support of this argument the Langs cite *Altergott v. Yeager*, 37 Colo.App. 23, 543 P.2d 1293 (1975). We fail to see how that case is analogous to the Langs' position. In *Altergott*, the Colorado Court of Appeals reversed a lower court's summary judgment which had been entered on the ground that the complaint was a collateral attack on a previous judgment. The Court of Appeals found that the complaint sounded in tort for fraudulent representation and that this claim had not been decided in the previous judgment. Here, however, there is no allegation of fraudulent representation nor do we view the Langs' complaint as being a collateral attack on a previous judgment, but rather an attempt to hold Basin responsible for Mr. Lang's disregard of court orders. That Basin may have been the instigator of those orders does not alter the conclusion, since the orders were issued pursuant to the authority of the trial court. If we held that such orders were, at the time they were issued, voidable but not void, and if we also held that Basin was negligent in its reliance upon such orders, we would render the court orders meaningless.

■ While a discussion of the merits of the Langs' claim of negligence on the part of Basin is not necessary to a determination of these issues, we note that were we to reverse the district court and permit a trial of the matter, the position of the Langs, that Basin is responsible for damages for false imprisonment and trespass, may, at best, be tenuous. There is no dispute that the Langs were served with a summons and complaint in the original condemnation action; neither is there any question that the Langs did not answer the complaint within the required time. The record is replete with evidence that attorneys were employed and discharged by the Langs, only to be employed again. Although the Langs previously appeared pro se and argued their own case in this court, we do not conclude that parties who choose to represent themselves should be allowed any more or any less consideration than parties represented by counsel. There were proceedings that the Langs could have instituted to have the court order of May 29, 1973, set aside prior to the contempt proceedings in June, 1973. The Langs did not do so until later that month. After filing the motion pursuant to Rule 60(b), N.D.R.Civ.P., which clearly provides that such motion does not affect the finality of a judgment or suspend its operation, the Langs continued to defy Judge Thompson's orders. To assert that Basin is responsible in tort for the damages the Langs incurred as the result of such defiance may, of itself, be so clearly unwarranted as to be proper ground for a motion for summary judgment on behalf of Basin. Furthermore, the decision of this court in *Basin Electric Power Cooperative v. Lang*, construing the provisions of Section 32–15–17, N.D.C.C., as being applicable, was issued after the events of which the Langs complain took place. The construction of Section 32–15–17, N.D.C.C., and its application to the original taking were far from clear until that decision was announced. Even now, the district judge assigned to hear this

matter, whose order for summary judgment is the subject of this appeal, disagreed with this court's rationale in *Basin Electric Power Cooperative v. Lang* as applied to the facts of that case. Hindsight is always much clearer than foresight. To hold that Basin was negligent on May 29, 1973, because of the decision of this court in *Basin Electric Power Cooperative v. Lang,* filed on August 30, 1974, is not warranted since, as this court indicated in *Basin Electric,* there was an attempt to forward notice of the trial date by certified mail to at least Mr. Lang.

The summary judgment is affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.