**DAKOTA BANK AND TRUST CO. OF FARGO, Plaintiff and Appellee,**

v.

**Ronald and Jean BRAKKE, husband and wife, Defendants,**

and

**Fenske Feed and Grain Co., Defendant and Appellant.**

**Civ. No. 880059CA.**

Court of Appeals of North Dakota.

Sept. 23, 1988.

Lamb, McNair, Larson & Carlson, Ltd., Fargo, for plaintiff and appellee; argued by Bruce H. Carlson.

Harold Fenske, Fenske Feed and Grain Co., Hankinson, pro se.

PER CURIAM.

The defendant, Fenske Feed and Grain Company (Fenske), appeals from a judgment by default entered in favor of the plaintiff, Dakota Bank and Trust Company of Fargo (Dakota Bank). We reverse and remand for further proceedings consistent with this opinion.

This litigation involves a previous appeal to the North Dakota Supreme Court. In *Dakota Bank & Trust Company of Fargo v. Brakke*, 404 N.W.2d 438 (N.D.1987), the North Dakota Supreme Court remanded this case for a retrial of the issue of damages.

When Fenske did not appear at the time and place scheduled for the retrial, Dakota Bank moved the court to strike Fenske's answer and for entry of judgment by default. Dakota Bank submitted an affidavit of proof in support of the motion. The trial court summarily granted the motion and directed entry of a judgment by default for damages in favor of Dakota Bank against Fenske.

Rule 55(a)(3), N.D.R.Civ.P., provides in relevant part:

"... If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 8 days prior to the hearing on such application."

If an adverse party has made an appearance, a judgment by default cannot be entered against that party without complying with the eight-day notice requirement under the foregoing rule. *William Clairmont, Inc. v. Burlington Northern, Inc.*, 229 N.W.2d 77 (N.D.1975). The requisite notice was not given to Fenske in this case. Accordingly, the judgment must be set aside.

If Dakota Bank intends to pursue the motion to strike Fenske's answer and for entry of judgment by default, Fenske must be served with notice. Subject to disposition of that motion, if made, the trial court shall afford Fenske an opportunity to retain counsel and to proceed with the trial of the issue of damages.

REVERSED AND REMANDED.

EUGENE A. BURDICK and VERNON R. PEDERSON, Surrogate Justices, and ROBERT L. ECKERT, District Judge, concur.